Winney v. Pallito, No. 264-4-11 Rdcv (Teachout, J., Feb. 9, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 264-4-11 Rdcv** |

**REX WINNEY,**
     **Plaintiff**

**v.**

**ANDREW PALLITO, Commissioner,**
**Vermont Department of Corrections,**
     **Defendant**

## DECISION
### Defendant's Motion to Dismiss

This matter is before the Court on a Motion to Dismiss filed by Defendant on December 16, 2011. Plaintiff Rex Winney, an inmate in the custody of the Vermont Department of Corrections ("DOC"), is representing himself. Defendant is represented by Emily A. Carr, Esq. A hearing on the motion was held on January 3, 2012.

Plaintiff initially brought suit pursuant to V.R.C.P. 75, seeking review of DOC's actions, which allegedly included moving him to a segregation cell, stripping him naked, and leaving him there for several hours with nothing to cover himself. Plaintiff subsequently amended his complaint to allege violations of the Eighth Amendment of the United States Constitution. Under this amendment, Plaintiff sought to recovery mental and emotional damages. Defendant asserts that Plaintiff has failed to state a claim upon which relief can granted and thus his suit should be dismissed pursuant to V.R.C.P. 12(b)(6).

A motion to dismiss for failure to state a claim upon which relief can be granted should only be granted when it is beyond doubt that there exist no facts or circumstances that would entitle plaintiff to relief; in reviewing disposition of a V.R.C.P. 12(b)(6) motion to dismiss, the court assumes that all factual allegations in the complaint are true, and the court accepts as true all reasonable inferences that may be derived from plaintiffs pleadings and assumes that all contravening assertions in defendant's pleadings are false. *Richards v. Town of Norwich,* 169 Vt. 44, 48-49 (1999). The threshold that Plaintiff's pleading must cross to survive a Rule 12(b)(6) motion is "exceedingly low." *Bock v. Gold*, 2008 VT 81, ¶ 5, 184 Vt. 575 (mem.). "Motions to dismiss for failure to state a claim are disfavored and rarely granted." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 5, 184 Vt. 1.

Defendant first argues that to the extent Commissioner Pallito is being sued in his official capacity he is immune from suit. 42 U.S.C. § 1983 is the procedural vehicle through which Plaintiff can bring his claims for violations of the Eighth Amendment. Defendant is correct that Section 1983 does not allow for suits against state officials acting in their official capacities. See

*Bock v. Gold*, 2008 VT 81, ¶ 9, 184 Vt. 575 (mem.) (dismissing claims against prison officials sued in their official capacities). Plaintiff clarified at the January 3, 2012 hearing that he was not suing Commissioner Pallito individually. Therefore, any claim against Andrew Pallito personally is dismissed from this suit.

At this early stage of the proceedings, Plaintiff's allegations that prison officials stripped him naked and left him that way in a segregation cell for several hours are sufficient to assert a colorable legal claim. Plaintiff should be given the opportunity to amend his complaint and substitute the proper defendant(s). Plaintiff's pleadings are sufficient to put the DOC and its employees on notice of Plaintiff's claim. To deny Plaintiff any opportunity to amend his complaint and substitute the proper defendants would work an injustice to Plaintiff. See Wright, Miller, Kane, & Marcus, 5B Federal Practice and Procedure: Civil 3d § 1357 (stating that leave to amend a complaint should generally be granted unless it appears certain Plaintiff cannot state a claim).

Defendant next argues that Plaintiff has failed to state a claim for relief under the Eighth Amendment. To make out a claim under the Eighth Amendment, Plaintiff must show both that a prison official inflicted punishment that was "objectively, sufficiently serious" and that the official involved had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's allegations in his complaint are sufficient to meet this standard. Plaintiff alleges that he was forced to strip naked and left unclothed in a segregation cell for several hours. This punishment is serious enough to rise to the level of a potential Eighth Amendment violation. Plaintiff also asserts that prison officials had no legitimate reason for their actions. The alleged lack of any justification for Plaintiff's treatment goes to the culpability element of the Eight Amendment claim. At this stage of the proceedings, the allegations in Plaintiff's complaint are sufficient to raise a potentially colorable claim under the Eighth Amendment.

Defendant also argues that Plaintiff has failed to state a claim for relief under either a theory of intentional infliction of emotional distress or negligent infliction of emotional distress. Plaintiff asserts that prison officials intentionally striped him naked and locked him in the segregation cell. Plaintiff does not allege any bodily injury--a necessary element of a claim for negligent infliction of emotional distress. Therefore, Plaintiff does not appear to be making a claim for negligent infliction of emotional distress.

Plaintiff may, however, be making a claim of intentional infliction of emotional distress. To sustain a claim for intentional infliction of emotional distress, Plaintiff must show "outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct." *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 31, 175 Vt. 413.

Plaintiff's complaint alleges all of the elements of this claim. He alleges that he was striped naked and left that way in a segregation cell for several hours. Such actions could constitute the outrageous conduct necessary for an intentional infliction of emotional distress

2

claim. He also alleges that prison officials did these acts intentionally and that because of these acts he suffered mental and emotional damages. Plaintiff's pleading is sufficient to survive a Rule 12(b)(6) motion to dismiss at this preliminary stage of the proceedings.

## ORDER

For the foregoing reasons, the defendant's Motion to Dismiss is *denied*.

Plaintiff has 15 days to amend his complaint to name specific defendant(s).  Thereafter, a status conference will be scheduled.

Dated at Rutland, Vermont this 9th day of February, 2012.

_____
Hon. Mary Miles Teachout
Superior Judge