2008 VT 81

### Gordon BOCK v. Steven GOLD, Commissioner, Vermont Department of Corrections, et al.

[959 A.2d 990]

No. 06-276

¶ 1. June 10, 2008. Plaintiff Gordon Bock appeals from the superior court's dismissal of his complaint for failure to state a claim. The procedural history may be briefly stated. Plaintiff's amended complaint against several named Department of Corrections (DOC) employees alleged four common-law causes of action — assault, battery, false imprisonment, and intentional infliction of emotional distress — and a claim arising under 42 U.S.C. § 1983. Defendants moved to dismiss, contending that plaintiff's amended complaint failed to state a claim. V.R.C.P. 12(b)(6). The trial court granted the motion in May 2006, basing the dismissal in part on the theory that "an inmate on furlough status remains in the custody of the DOC," and that furlough status "is not probation or parole, and an inmate has no right to it or liberty interest in it." The court subsequently vacated that ruling and issued an amended decision on the motion to dismiss.

¶ 2. In the amended ruling, the court again concluded — for substantially the same reasons as before — that plaintiff's amended complaint failed to state claims for assault, battery, false imprisonment, or intentional infliction of emotional distress. The court went on to dismiss plaintiff's § 1983 claim, this time on two bases: (1) that the false-imprisonment claim on which the § 1983 claim appeared to be premised had already been rejected, and (2) that plaintiff's citation of *Krupp v. Krupp*, 126 Vt. 511, 236 A.2d 653 (1967), did not raise a viable claim under § 1983. The court's ruling on the § 1983 claim was:

Finally, [plaintiff] has not alleged any cognizable 42 U.S.C. § 1983 claim. In the amended complaint, [plaintiff] generally states that he intends a claim based on his false imprisonment, and various nonspecific constitutional violations. The false imprisonment claim has been rejected. In his memorandum, [plaintiff] appears to base his [§] 1983 claim on what he believes to be a due process violation in the furlough revocation hearing, as purportedly described in *Krupp v. Krupp*. . . . *Krupp*, however, is a divorce case, and does not address due process or furlough revocation proceedings. [Plaintiff] appears to rely on the portion of *Krupp* in which the Vermont Supreme Court rejected the findings of the trial court because they merely recited testimony, and did not have the appearance of reflecting the trial judge's true findings . . . . The Court held that a "recitation of evidence in findings is not a finding of the facts contained in the testimony related and it cannot be so construed." . . . The court perceives no viable [§] 1983 claim.

¶ 3. Plaintiff appealed, briefing only the § 1983 claim on appeal. Accordingly, we consider only whether the trial court erred in dismissing the § 1983 claim. See *R. Brown & Sons, Inc. v. Int'l Harvester Corp.*, 142 Vt. 140, 142, 453 A.2d 83, 84 (1982) (claims not briefed on appeal are waived).

¶ 4. We review the trial court's disposition of a motion to dismiss de novo, and may affirm on any appropriate ground. See *Levinsky v. Diamond*, 151 Vt. 178, 185, 559 A.2d 1073, 1079 (1989), *overruled on other grounds by Muzzy v. State*, 155 Vt. 279, 280 n.*, 583 A.2d 82, 83 n.* (1990). Motions to dismiss for failure to state a claim are disfavored and should be rarely granted. *Endres v. Endres*, 2006 VT 108, ¶ 4, 180 Vt. 640, 912 A.2d 975 (mem.). Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle the plaintiff to relief. *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 824 A.2d 586. Put another way, the threshold a plaintiff must cross in order to meet our notice-pleading standard is "exceedingly low." *Henniger v. Pinellas County*, 7 F. Supp. 2d 1334, 1336 (M.D. Fla. 1998). In reviewing the trial court's grant of a motion to dismiss, we take all facts alleged in the complaint as true. *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997).

¶ 5. The "no set of facts" standard also applies in the civil-rights context. *Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir. 1995). There is no heightened pleading standard for claims arising under § 1983. Cf. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165-66 (1993) (federal courts may not impose heightened pleading standards on § 1983 litigants who raise claims against municipalities).

> The [Vermont] rule, which applies to all affirmative pleadings, omits the requirement of the former statute that "the facts relied upon" be pleaded, requiring instead "a short and plain statement of the claim showing that the pleader is entitled to relief," language closer to that of former Chancery Rule 3. The new language emphasizes that the rules do not require a specific and detailed statement of the facts which constitute a cause of action, but simply a statement clear enough "to give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests."

Reporter's Notes, V.R.C.P. 8. Plaintiff's § 1983 claim had to satisfy only the liberal requirements of Rule 8 in order to survive defendants' motion to dismiss.* We turn now to the question of whether it did.

¶ 6. Plaintiff's amended complaint averred, as to § 1983, as follows:

> Defendants by the actions they took, or failed to take, as enumerated *supra*, did thus commit numerous violations of 42 U.S.C. [§] 1983 through repeated and flagrant abrogation of Plaintiff's civil rights under Amendments V, VI and XIV of the United States Constitution — as well as those in Article I, Chapter 10 of the Vermont Constitution — by ordering and continuing Plaintiff's false and wrongful imprisonment.

> For their breach the Defendants should be held accountable.

---

* As we noted recently, our dissenting colleagues' reliance on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63, 127 S. Ct. 1955, 1969 (2007), is misplaced. See *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 5 n.1, 184 Vt. 1, 955 A.2d 1082.

The Defendants through a confluence of their actions in abusing discretion as public officials did repeatedly and flagrantly abrogate Plaintiff's civil rights under Amendments V, VI and XIV of the United States Constitution as well as Article I, Chapter 10 of the Vermont Constitution.

¶ 7. The "actions . . . enumerated *supra*" included alleged due-process violations at the DOC proceedings leading to plaintiff's furlough revocation. Plaintiff also alleged that "every named Defendant participated in the decision to incarcerate plaintiff at a different level of the department. Plaintiff's incarceration through the abuse of discretion by the named Defendants was wrongful. These co-Defendants conspired to incarcerate Plaintiff wrongfully." Plaintiff's amended complaint also included a "Statement of Facts" in which plaintiff specifically described each named defendant's alleged role in his incarceration. That section of the complaint referred to plaintiff being "placed in confinement by the D.O.C. on allegations that were baseless" and to his "false and wrongful imprisonment."

¶ 8. The trial court erred in dismissing the § 1983 claim against the named defendants in their individual capacities. Taken as a whole, plaintiff's amended complaint stated a challenge to the process afforded him before his furlough was revoked. While the complaint is not a model of legal clarity, it did suffice to place defendants on notice of Bock's general claim: that he was not afforded the necessary process before his furlough was revoked. The complaint need not give "a specific and detailed statement of the facts constituting the cause of action." *Levinsky v. Diamond*, 140 Vt. 595, 600, 442 A.2d 1277, 1280 (1982). If greater specificity were required, defendants could have compelled it by motion for a more definite statement. See V.R.C.P. 12(e).

¶ 9. Defendants also contend that the amended complaint was insufficient because § 1983 claims are not maintainable against state employees in their official capacities. As plaintiff concedes, this is true. See *Shields v. Gerhart*, 155 Vt. 141, 150, 582 A.2d 153, 158-59 (1990) (affirming dismissal of § 1983 claims against state employees in their official capacities). Accordingly, we affirm the trial court's dismissal of plaintiff's § 1983 claim against defendants in their official capacities. The amended complaint also named defendants in their individual capacities, however, and insofar as it did so was sufficient to survive the motion to dismiss. See *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Thus, '[o]n the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.' " (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

¶ 10. Similarly, to the extent that plaintiff's § 1983 claims were premised on violations of the Vermont Constitution, they were properly dismissed. See *Felder v. Casey*, 487 U.S. 131, 139 (1988) ("Section 1983 creates a species of liability in favor of persons deprived of their *federal* civil rights by those wielding state authority." (emphasis added)).

¶ 11. Our holding that plaintiff's amended complaint should — to the extent it alleged violations of his federal civil rights by the named defendants in their individual capacities — have survived the motion to dismiss does not depend on the materials purportedly incorporated by reference into the amended complaint, but rests on the language of the complaint itself. Defendants are plainly correct that the rules allow incorporation by reference only of materials in the same matter. See V.R.C.P. 10(c) ("Statements in a pleading may be adopted by reference in a differ-

ent part of the same pleading or in another pleading or in any motion *in the same action.*" (emphasis added)). The amended complaint purported to incorporate all of plaintiff's filings and one named exhibit in a related matter he filed in the same court, and plaintiff in his brief here also claims to have incorporated by reference "his U.S. District Court action in *Bock v. Gold.*" None of these incorporations is possible under the rules.

¶ 12. Finally, plaintiff contends, citing Rule 15, that dismissals under Rule 12(b)(6) must be made with leave to replead, rather than with prejudice. In light of our conclusion that the amended complaint was sufficient to survive the motion to dismiss, we need not reach the issue.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with the views expressed herein.*

¶ 13. **Skoglund, J.,** dissenting in part and concurring in part. I agree with the majority that we should affirm the trial court's dismissal of plaintiff's claims for assault, battery, false and wrongful imprisonment, and intentional infliction of emotional distress. Plaintiff's claim under 42 U.S.C. § 1983 was equally deficient, and it too was properly dismissed. I dissent from the majority's conclusion to the contrary.

¶ 14. Our pleading requirements are minimal, but they are not nonexistent. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." V.R.C.P. 8(a). To meet this requirement, a party need not provide a specific and detailed statement of the facts which constitute a cause of action, but simply "a statement clear enough 'to give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.' " Reporter's Notes, V.R.C.P. 8 (quoting *Conley v. Gibson,* 355 U.S. 41 (1957)). This allows the opposing party to answer the com-

plaint and prepare for trial. See, e.g., *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) (pleading rules require a "plain" statement of claim because principal function of pleadings is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial).

¶ 15. In reviewing the sufficiency of a complaint, this Court accepts as true all well-pled factual allegations, but need not accept conclusory allegations or legal conclusions masquerading as factual conclusions. See *Colby v. Umbrella, Inc.,* 2008 VT 20, ¶¶ 5, 10, 184 Vt. 1, 955 A.2d 1082. By refusing to accept "bald assertions, unsupportable conclusions, and opprobrious epithets," the Court is not applying a heightened pleading standard; it is merely adhering to the notice pleading requirements set forth in Rule 8(a). *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004) (citation omitted) (expressing similar sentiment). The majority indicates that dismissal is appropriate only when it is "beyond doubt that there exist no facts or circumstances . . . that would entitle the plaintiff to relief." *Ante,* ¶ 4. The United States Supreme Court has clarified that this phrase, taken from *Conley,* 355 U.S. at 45-46, was intended to describe "the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563, 127 S. Ct. 1955, 1969 (2007) (cited in *Colby,* 2008 VT 20, ¶ 19 (Burgess, J., dissenting)). Thus, the phrase should not be applied to allow "a wholly conclusory statement of claim" to survive a motion to dismiss "whenever the pleadings le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 561, 127 S. Ct. at 1968.

¶ 16. In this case, plaintiff alleged no facts whatsoever that would support a

claim under § 1983. His entire claim is stated as follows. "Defendants by the actions they took, or failed to take, as enumerated *supra*, did thus commit numerous violations of 42 U.S.C. § 1983 through repeated and flagrant abrogation of Plaintiff's civil rights" under the federal and state constitutions "by ordering and continuing [his] false and wrongful imprisonment. For their breach the Defendants should be held accountable. The Defendants through a confluence of their actions in abusing discretion as public officials did repeatedly and flagrantly abrogate Plaintiff's civil rights" under the federal and state constitutions. The actions "enumerated *supra*" apparently refer to all of plaintiff's related claims against defendants, which were dismissed by the trial court and not specifically challenged on appeal by plaintiff.

¶ 17. Plaintiff's general and conclusory allegations do not provide defendants with fair notice of his claim or the grounds on which the claim rests. See *Beaulieu v. IRS*, 865 F.2d 1351, 1352 (1st Cir. 1989) ("Simply to state that a claim is made under a named statute is not a short and plain statement of what the claim is. Even less is it a showing of entitlement to relief." (citations omitted)). Plaintiff does not describe when, where, or how, the named defendants allegedly violated his federal constitutional rights. See 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 94-95 (3d ed. 2004) (notice-pleading standard "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented," and it does not authorize as sufficient a pleader's "bare averment that he wants relief and is entitled to it"). There can be no doubt that any defendant seeking to respond to such generalized allegations "would have little idea where to begin." *Twombly*, 550 U.S. at 565 n.10, 127 S. Ct. at 1971 n.10. This type of pleading does not satisfy Rule 8(a) or advance the goals that the rule is designed to serve.

¶ 18. This is particularly true when one considers the defendants named here. Plaintiff offers no suggestion, for example, as to how, when, or why, the Commissioner of the Department of Corrections or his deputy violated his constitutional rights, or how members of his treatment team deprived him of his federal rights. See, e.g., *Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (Section 1983 requires "personal involvement in (rather than mere respondeat superior responsibility for) any alleged constitutional deprivation."). As the *Hernandez* court explained, "in a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why . . . ." 367 F.3d at 68. In fact, plaintiff's amended complaint indicates that his claims against defendants are based on his allegation that he was "false[ly] and wrongfull[y] imprisoned," a claim that was dismissed by the trial court and not appealed by plaintiff. With his concrete claims dismissed, there is no articulated basis for plaintiff's claim that his due-process rights were violated in the discretionary decision to revoke his furlough.

¶ 19. According to the majority, the reasonable inference to be drawn from plaintiff's amended complaint is that he intended to challenge the process afforded him by defendants before his furlough was revoked. *Ante*, ¶ 8. Putting aside questions of what process, if any, the majority of these defendants owed plaintiff, and assuming arguendo that plaintiff has a protected liberty interest in remaining on furlough, cf. *Conway v. Cummings*, 161 Vt. 113, 118, 636 A.2d 735, 738 (1993) (holding that "[t]he United States Constitution not only fails to provide a liberty interest in furlough status directly, but [federal case law] instructs us that it would not recognize such right under existing Vermont law as a state-

created liberty interest."), plaintiff still has not identified any specific facts to show that his rights were violated. Our rules do not require that a complaint be a "model of legal clarity," *ante*, ¶ 8, but they do require that a plaintiff comply with the minimal pleading standard set forth in Rule 8(a). Plaintiff failed to provide defendants with fair notice of his § 1983 claim and the grounds on which it rests, and this claim was therefore properly dismissed.

¶ 20. I am authorized to state that Justice Burgess joins in this dissent.