Middlesex Mut. Assurance Co. v. Eucker v. TPW Mgmt., LLC., No. 234-5-13 Bncv (Wesley, J., Oct. 31, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 234-5-13 Bncv** |

| | |
|---|---|
| **Middlesex Mutual Assurance Company,**<br>**Plaintiff.**<br><br>**v.**<br><br>**Catherine G. Eucker,**<br>**Defendant/Third-Party Plaintiff,**<br><br>**v.**<br><br>**TPW Management, LLC.,**<br>**Third-Party Defendant.** | |

### Opinion & Order
### Granting TPW Management's Motion to Dismiss Count I of the Third-Party Complaint

**Background**

Catherine Eucker was the chief financial officer for TPW Management, LLC. Middlesex Mutual Assurance Company insured TPW. Middlesex asserts it paid a claim for $23,936.89 to TPW because Eucker embezzled funds from TPW. Allegedly, Eucker used company funds to pay for personal expenses, improperly attributed her automobile debt to the company, and made an unauthorized charitable donation. Middlesex filed this subrogation action against Eucker on May 23, 2013. Eucker answered on August 8, 2013.

Also on August 8, 2013, Eucker filed a third-party complaint against TPW. Eucker sues TPW for indemnification (Count I), slander (Count II), and libel (Count III). Eucker alleges that she did not wrongfully take funds. Instead, she asserts the company had a policy of allowing certain employees to bill personal expenses to an expense account, take cash advances on their paychecks, and provide a vehicle to Eucker. Eucker also states TPW falsely made the insurance claim to cover its own financial problems. Eucker therefore seeks indemnification from TPW for amounts she may owe Middlesex.

On September 23, 2013, TPW filed a motion to dismiss the indemnification claim for failure to state a claim under V.R.C.P. 12(b)(6). TPW argues it cannot be held liable for indemnification to Eucker because Middlesex can only prevail against Eucker if there is a finding that Eucker wrongfully took funds. On October 7, 2013, Eucker opposed the motion to dismiss. Eucker argued the indemnification action is proper because V.R.C.P. 14(a) allows

claims against third parties that may be liable for damages a defendant pays to the original plaintiff.[1]

**Discussion**

The Court disfavors and rarely grants motions to dismiss. *See Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. The Court uses motions to dismiss to evaluate the law in a pleading. *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002). Accordingly, the Court will only grant a motion to dismiss when there are "no facts or circumstances, consistent with the complaint that would entitle Plaintiff to relief." *Bock*, 2008 VT 81, ¶ 4. For this motion, the Court assumes the truth of all facts offered by the non-moving party. *Id.*

The issue in this motion is whether Eucker may recover indemnification from TPW. Vermont recognizes two types of indemnification. *See Burlington v. Arthur J. Gallagher & Co.*, 173 Vt. 484, 486 (2001) (mem.). First, a party may be liable for indemnification under contract. *Id.* Eucker does not claim she has a contractual right to indemnification. Second, the court may imply indemnification when circumstances require. *Id.* "Implied 'indemnity is a right accruing to a party who, without active fault, has been compelled by some legal obligation, such as a finding of vicarious liability, to pay damages occasioned by the negligence of another.'" *Id.* (quoting *Morris v. Am. Motors Corp.*, 142 Vt. 566, 576 (1982)). Implied indemnity is only appropriate where equitable considerations require shifting the obligations between the parties. *Knisely v. Cent. Vt. Hosp.*, 171 Vt. 644, 646 (2000) (mem.).

In this case, Eucker is not entitled to indemnification from TPW. Before a court can imply a right of indemnification, it must find that the party seeking indemnification acted "without active fault." *See id.* If the finder of fact determines Eucker acted without fault, then she will not be liable to Middlesex, and hence there will be nothing to indemnify. If, on the other hand, the finder of fact determines Eucker was at fault, then she cannot take advantage of implied indemnification. *See id.* Indemnification is not proper because there is not a situation where Eucker would be liable and without fault. For the same reason, no situation could occur where equity would require shifting the obligations of the parties. *See Knisely*, 171 Vt. at 646. V.R.C.P. 14(a) does not save Eucker's claim because there are no set of facts that could create a right of implied indemnification against TPW. *See Bock*, 2008 VT 81, ¶ 4. Therefore, the Court must grant TPW's motion to dismiss Count I.

**Order**

The Court **GRANTS** TPW Management's motion to dismiss Count I of the third-party complaint.

---

[1] On October 21, 2013, TPW responded to the opposition and noted that Middlesex would no longer seek to recover $2296.28 of the claim because of errors attributable to TPW. On October 25, 2013, counsel for Middlesex filed an affidavit that confirmed Middlesex was not pursuing the $2296.28.

Dated at Bennington, Vermont on October 31, 2013

_____

John P. Wesley
Superior Court Judge