*State v. Living Essentials, LLC*, No. 443-7-14 Wncv (Teachout, J., February 26, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 443-7-14 Wncv** |

**STATE OF VERMONT**
    **Plaintiff**

    **v.**

**LIVING ESSENTIALS, LLC, AND
INNOVATION VENTURES, LLC,**
    **Defendants**

### DECISION
### Defendants' Motion to Dismiss and to Strike (MPR #1)
### and the State's Motion to Strike (MPR #3)

Defendants Living Essentials, LLC, and Innovation Ventures, LLC, market and sell a beverage, in various formulations, known as "5-hour ENERGY®." The State alleges that the manner in which Defendants have done so violates Vermont's Consumer Protection Act, 9 V.S.A. §§ 2451–2481x. Specifically, the State alleges that Defendants have made the following misleading and unsubstantiated representations in violation of 9 V.S.A. § 2453(a): that the products have various benefits, such as helping one "focus" (Count 1); that the high energy levels that the products cause are not followed by a "crash" (Count 2); that a large survey of doctors shows that the vast majority recommend the products (Count 3); and that the products are "suitable" for adolescents to consume (Count 4). The State seeks an injunction against further violations of the Act, restitution for certain consumers, disgorgement of profits, civil penalties, and investigation and litigation costs and fees.

Defendants have filed a Rule 12(b)(6) motion to dismiss. They argue that all claims relying on an alleged lack of substantiation should be dismissed because that theory is not cognizable under the Vermont Act. They argue that Count 4 should be dismissed because (1) the FDA has primary jurisdiction to determine the safety of the product; (2) adolescents may lawfully consume caffeinated products such as 5-hour ENERGY®; (3) the representation is implied and implied representations are not subject to the Act; and (4) Vermont's attorney general has no lawful authority to regulate who may consume 5-hour ENERGY®. Defendants argue that Count 1 should be dismissed because the alleged misrepresentations are non-actionable puffery. Finally, Defendants ask the court to strike paragraphs 99 and 100 of the complaint as impertinent and scandalous. V.R.C.P. 12(f).

The State opposes dismissal and asks the court to strike two studies submitted into the record by Defendants or to convert the motion to dismiss into one for summary judgment and give it a fair chance to respond accordingly.

1

Defendants' dismissal arguments are out of step with the standard for dismissal under Rule 12(b)(6). In Vermont, motions to dismiss are "'not favored and rarely granted.' This is especially true 'when the asserted theory of liability is novel or extreme,' as such cases 'should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of mere novelty of the allegations.'" *Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted); see also *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it."); *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 ("the threshold a plaintiff must cross in order to meet our notice-pleading standard is 'exceedingly low'").

The State alleges several counts of deception consisting of claims made in advertisements that Defendants are unable to substantiate. The advertising substantiation doctrine has a long history before the Federal Trade Commission. See Dee Pridgen and Richard M. Alderman, Consumer Protection and the Law §§ 11:3 (WL updated Nov. 2014) (describing the origins of the doctrine). The issue presented by this case is whether the doctrine is available to demonstrate violations of the Vermont Act. There is no binding authority and the issue is not so straightforward that the court is inclined to consider it absent an exploration "in the light of facts as developed by the evidence."

Defendants' other dismissal arguments are similarly predicated on issues that will be better evaluated in evidentiary context once the facts have a chance to unfold, whether on summary judgment or at trial. These arguments rely on nuances drawn from statements alleged to appear in advertisements and regulatory motivations attributed to the attorney general by Defendants. The court declines to evaluate these sorts of arguments based on the allegations of the complaint alone.

Defendants ask the court to strike two paragraphs of the complaint that refer to publicly available articles by third parties that have provocative titles implying that some people might believe that energy drinks may kill the consumers who drink them. The State does not allege that 5-hour ENERGY® is deadly. It cites the articles in support of allegations the drink's health effects are not known and have prompted investigations. Because these are not impertinent and scandalous allegations and there is no prejudice, the court declines to strike them.

The State's motion to strike is denied as well. The court ignored Defendants' extra-pleading materials and the record is not amenable to summary judgment.

## ORDER

For the foregoing reasons, Defendants' motion to dismiss and to strike is *denied*; the State's motion to strike is *denied*.

Dated at Montpelier, Vermont this 26th day of February 2015.

_____
Mary Miles Teachout,
Superior Judge

2