*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

SUPREME COURT DOCKET NO. 2014-334

MARCH TERM, 2015

| | |
|---|---|
| Ricky Curtis, Jr. | } APPEALED FROM: |
| | } |
| | } Superior Court, Orleans Unit, |
| v. | } Civil Division |
| | } |
| Andrew Pallito, Commissioner of | } DOCKET NO. 267-10-11 Oscv |
| Department of Corrections, | } |
| Robert Berthiaume and Scott Morley | } |

Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Department of Corrections (DOC), appeals pro se from a judgment in favor of defendants Robert Berthiaume and Scott Morley, correctional officers with the DOC. We affirm.

The history of this case may be briefly summarized. In October 2011, plaintiff filed a civil-rights complaint, which he later amended, alleging that defendants had violated his Eighth Amendment rights by failing to protect him from a known risk of assault by another inmate, Shaun LaCross. Plaintiff alleged that he was transferred to a dangerous living unit despite filing a grievance protesting the move; that he was initially assaulted in the unit by LaCross on September 20, 2011; that plaintiff then asked for a transfer and was refused; and that plaintiff was again assaulted by LaCross on September 22, 2011.

In an order issued in January 2014, the trial court granted the State's motion to dismiss the DOC Commissioner based on the absence of any allegation that he was involved in the alleged constitutional violation, but denied the motion as to the other defendants, ruling that plaintiff had pled sufficient facts to hold the two officers liable. The court also granted plaintiff's request for production of numerous DOC documents—including copies of his medical records, shift logs at the prison, investigation reports, and the disciplinary history of LaCross— for in camera review. Defendants thereafter moved for summary judgment based, in part, on sovereign immunity. Plaintiff did not file a formal opposition, but alleged in a separate motion that facts remained in dispute; that sovereign immunity was unavailable as a defense; and that additional discovery was required.

In August 2014, the court issued a written decision, granting defendants' motion. The court observed, preliminarily, that sovereign immunity barred an action against defendants in their official capacity, but that they remained amenable to suit in their personal capacities. See Bock v. Gold, 2008 VT 81, ¶ 9, 184 Vt. 575 (mem.) (affirming dismissal of inmate's § 1983 claim against DOC employees "in their official capacities," but permitting complaint to proceed against them "in their individual capacities" (citing Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985))). Government officials sued in their individual capacities, the court observed further, are protected by qualified immunity, which protects public officials who are acting in the course of their employment, acting in "good faith," and performing discretionary rather than ministerial duties. Baptie v. Bruno, 2013 VT 117, ¶ 11, 195 Vt. 308. "Good faith exists where an official's acts did not violate clearly established rights of which the official reasonably should have known." Id. (quotation omitted); see also Murray v. White, 155 Vt. 621, 630 (1991) (noting that good-faith test is based on federal standard set forth in Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

As the trial court further observed, the Eight Amendment requires that prison officials "take reasonable measures to guarantee the safety of . . . inmates," including the prevention of "violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832, 833 (1994) (quotations omitted). In Farmer, the high court held that prison officials violate this constitutional duty if they manifest "deliberate indifference" to a substantial risk of serious harm to inmate health or safety, which the Court defined as "requiring a showing that the official was subjectively aware of the risk." Id. at 828-29. An official "cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003) (to prove that prison officials were "subjectively aware of a risk to inmate health or safety," it is sufficient if inmates produces "circumstantial evidence indicating that the official must have known about the risk").

Applying these standards, the court here found that there was no showing that defendants knew or should have known of a substantial risk of harm to plaintiff. Defendant Berthiaume submitted an affidavit stating that, in early September 2011, plaintiff filed a grievance asserting that, if transferred to a different housing unit, he would be assaulted; that Berthiaume questioned plaintiff to obtain further information; and that plaintiff refused to cooperate with his investigation. The officer also stated that plaintiff did not report any assault by inmate LaCross prior to the assault on September 22, 2011. Defendant Morley filed an affidavit to the same effect.

The affidavits were supported by documentation provided by DOC. The material revealed that plaintiff filed a grievance in early September 2011 asking not to be transferred to a different housing unit because it contained "a few guys . . . that I have major problems" with, one of whom had allegedly punched him. Berthiaume filed an investigative report stating that he had spoken with plaintiff to address his stated concerns, but that plaintiff had indicated he would not speak with the officer about it. The court also noted that it had reviewed LaCross's correctional

records and had found only two disciplinary reports of assaultive behavior, only one of which, the alleged assault on September 22, 2011, involved plaintiff. Neither report showed any involvement by either of the defendants. Moreover, the investigative reports concerning the September 22, 2011 incident show that corrections staff had determined that it resulted from plaintiff's repeatedly requesting sexual favors from LaCross. There was nothing in the reports to show defendants were aware of plaintiff's alleged sexual advances to LaCross.

The trial court found that plaintiff had not demonstrated a genuine dispute with respect of any of the foregoing, and thus found no basis to conclude that defendants knew that transferring plaintiff would place him at risk of serious harm, or that inmate LaCross posed a risk of harm to plaintiff. Accordingly, the court granted defendants' motion for summary judgment based on qualified immunity. This pro se appeal by plaintiff followed.

We review a summary judgment applying the same standards as the trial court, reviewing the record to determine whether there are disputed issues of material fact and whether the moving party is entitled to judgment as a matter of law. Baptie, 2013 VT 117, ¶10. Summary judgment is appropriate where, after adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of his or her case. Id.

In a lengthy narrative argument plaintiff essentially asserts that defendants were not entitled to qualified immunity because his grievance in early September 2011 objecting to the housing transfer allegedly "placed staff on alert about the harm," and because he was assaulted at least once before by inmate LaCross. The argument is unpersuasive. As noted, the initial grievance simply stated that plaintiff was concerned about the transfer because he had some "problems" with a "few guys," one of whom had punched him. He did not identify any of the individuals in question, and refused to cooperate further with defendant Berthiaume's investigation. Absent plaintiff's willingness to provide any further information about the alleged assault, the nature of the "problems" he had with other inmates, the identity of the assailant and the other inmates who allegedly posed a risk, or any other corroborating information, we cannot conclude that plaintiff's bare allegations were sufficient to put defendants on notice of a serious risk of harm. As for LaCross, the records did not reveal any grievance or other report from plaintiff about any alleged earlier assault.

Finally, on the record before us, we reject plaintiff's argument that the defendants knew or should have known of the danger he faced in the unit to which he was transferred based on the charge for which plaintiff had been convicted. Deliberately transferring an inmate to a unit in which officials know that inmate will face substantially greater risk of assault by fellow inmates because of the nature of the inmate's offense, the inmate's personal characteristics, or other similar factors can support a claim of deliberate indifference, but the claim must be supported by some evidence. See Howard v. Waide, 534 F.3d 1227, 1236-38 (10th Cir. 2008) (summary judgment unsupported in Eighth Amendment case where victimized inmate "was individually targeted by a notorious prison gang because of" his "slight build," openly gay sexual orientation, and "nature and visibility of his crimes," while prison officials housed him in an area of the

prison where he alleges it was easier for gang members to assault him); Sanchez v. State, 784 N.E.2d 675, 679-81 (N.Y. 2002) (holding that State may be on constructive notice "from its knowledge of risks to a class of inmates based on the institution's expertise or prior experience, or from its own policies and practices designed to address such risks"); see also Nat'l Prison Rape Elimination Comm'n, Report 68-75 (2009), available at https://www.ncjrs.gov/pdffiles1/226680.pdf (noting that "certain [inmates] are more at risk of sexual abuse than others," with risk factors including "mental or physical disability, young age, slight build, first incarceration in prison or jail, nonviolent history, prior convictions for sex offenses against an adult or child, sexual orientation of gay or bisexual, gender nonconformance (e.g., transgender or intersex identity), prior sexual victimization, and the inmate's own perception of vulnerability"). Beyond his bare and very general assertion, plaintiff has not presented any evidence that he, or inmates of his profile, face a particular risk in the unit to which he was transferred, nor any evidence about the operations, population, security or culture of that unit. Thus, the record does not support a finding that defendants were subjectively aware of a serious risk of harm to plaintiff, an essential element of his Eighth Amendment claim.

Nor does plaintiff support his claim that further discovery would demonstrate otherwise. Plaintiff received extensive discovery. In response to defendants' summary judgment motion, he identified two categories of records he still sought: medical records and shift logs. He has not indicated how either is reasonably likely to provide support for his claim that defendants knew he faced a substantial risk of serious harm in connection with his transfer. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice