*Li v. Norwich University*, 577-10-18 Wncv (Teachout, J., Mar. 29, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                                    **CIVIL DIVISION**
**Washington Unit**                                                                    **Docket No. 577-10-18 Wncv**

**Xingbo Li**
    **Plaintiff**

    **v.**

**Norwich University**
    **Defendant**

### DECISION
### Norwich's Motion to Dismiss

Plaintiff Xingbo Li has been employed since 2013 as an assistant professor of Chinese in the Department of Modern Languages at Defendant Norwich University. He alleges that he was denied tenure in February 2018 and was issued a "terminal contract" by which he would remain employed for the 2018–2019 schoolyear and thereafter his employment would be terminated. In this case, he claims: (Count 1) breach of employment contract; (Count 2) violations of Vermont Fair Employment Practices Act (VFEPA), 21 V.S.A. § 495; and (Count 3) promissory estoppel. He claims that various manuals and handbooks formed a binding contract, and that Norwich breached the contract's provisions by failing to fairly warn him of any deficiencies in his performance and by failing to fairly follow tenure-related procedures and standards. He also claims that Norwich discriminated against him in violation of VFEPA based on race and nationality (he is of Chinese descent) and age. Finally, he claims promissory estoppel in the alternative to his breach of contract claim. Norwich has filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. It argues that each of the three claims asserted by Mr. Li is so deficiently alleged that all should be dismissed based on the pleadings.

The Vermont Supreme Court has been clear that the general pleading standard in Vermont is exceptionally minimal. See *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 ("the threshold a plaintiff must cross in order to meet our notice-pleading standard is 'exceedingly low'"); *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it."). A motion to dismiss for failure to state a claim upon which relief can be granted should not be granted unless it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief. *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002).

*Breach of contract*

Norwich argues that Mr. Li's allegations are insufficient to establish that any binding employment agreement exists upon which to predicate his breach of contract claim. Mr. Li alleges that Norwich's employment policies and manuals altered what otherwise may have been

an at-will employment agreement and formed a binding agreement, at least on issues related to tenure. Claims of implied employment contracts generally present an "issue of proof." *Ross v. Times Mirror, Inc.*, 164 Vt. 13, 20 (1995). Issues of proof are anathema to the Rule 12(b)(6) standard.

Mr. Li's "short and plain statement," Rule 8(a), of his claims consists of 30 pages and 181 paragraphs of detailed allegations relying heavily on specific provisions of the policies and manuals that form the alleged binding employment agreement. Mr. Li did not attach those underlying documents to his complaint. Norwich, in support of dismissal, notes that "[w]here pleadings rely upon outside documents, those documents 'merge[ ] into the pleadings and the court may properly consider [them] under a Rule 12(b)(6) motion to dismiss.'" *Davis v. American Legion, Dep't of Vermont*, 2014 VT 134, ¶ 13, 198 Vt. 204 (citation omitted). Norwich then proceeds to rely on *citations* to competing portions of those underlying documents ostensibly showing that there is no binding contract. It did not, however, submit those underlying documents with the motion and they do not otherwise appear in the record. It would not be fair to rely on any of Norwich's competing allegations in support of dismissal in these circumstances. The purpose of expanding the record on a motion to dismiss to include documents sufficiently relied upon in the pleading is to ensure that relevant allegations are analyzed fairly (for both parties) in relation to the actual underlying document. It is not to create a battle of *allegations* between the parties, regardless of the underlying document, for dismissal purposes.

The court looks, then, only to the allegations appearing on the face of the complaint. Those allegations are sufficient to give notice of Mr. Li's breach of contract claim. Vermont's notice pleading standard does not require more. Norwich's motion is denied on this point.

*VFEPA—race and nationality*

Norwich argues that Mr. Li has failed to assert any allegations sufficient to permit an inference of discrimination on the basis of race or nationality. See *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 25, 176 Vt. 356 ("In general to establish a prima facie case of employment discrimination, the plaintiff must demonstrate that: (1) she was a member of a protected group; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the circumstances surrounding this adverse employment action permit an inference of discrimination."). Key allegations in the complaint in this regard are that Norwich was aware that student evaluations can be informed by students' racial biases, the tenure decision depended heavily on allegedly deficient student evaluations and, otherwise, Mr. Li's profile for tenure was ideal or nearly so.

In this case, Mr. Li has given fair notice of his VFEPA claims based on race and nationality. That is sufficient to state a claim and avoid dismissal.

*VFEPA—age*

Norwich also argues that Mr. Li has failed to assert any allegations sufficient to permit an inference of discrimination on the basis of age. The court does not discern any allegations in the

2

complaint that could connect any perceived employment discrimination to Mr. Li's age. This claim is properly dismissed pursuant to Rule 12(b)(6).

*Promissory estoppel*

The court declines to dismiss Mr. Li's promissory estoppel claim for the same reasons it declines to dismiss his breach of contract claim. Norwich's argument in support of dismissal is based on *its* view of the provisions of its policies and manuals, which are not in the record.

*Conclusion*

Mr. Li's VFEPA age discrimination claim (part of Count 2) is dismissed for failure to state a claim. His breach of contract, race and nationality discrimination, and promissory estoppel claims are not dismissed. These claims will be better addressed following discovery, whether on summary judgment or at trial.

ORDER

For the foregoing reasons, Norwich's motion to dismiss is granted in part and denied in part.

Dated at Montpelier, Vermont this _____ day of March 2019.

_____
Mary Miles Teachout
Superior Judge

3