Filed 03/08/24

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-05335

**Gordon Dezotell, Sr. v. Nick Deml**

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss  (Motion: 2)
Filer:       Brendan T. Sage
Filed Date:  January 23, 2024

The motion is DENIED.

The Department has filed a motion to dismiss the present action, which is a Rule 74 appeal. Of Petitioner's furlough revocation.

The gist of the Department's motion is that the November case staffing from which Petitioner has appealed, was not the result of a furlough revocation but occurred after Petitioner had already been re-incarcerated. As such, the Department contends, it falls outside of the narrow authority of 28 V.S.A. § 724, which only give the Court authority to review a case staffing that result from a furlough revocation decision. The appellate rights under Section 724 do not extend to furlough revocations that arise from decisions of the parole board or from a case staffing that occurs for any reason other than a determination that an inmate on furlough committed a technical violation of his terms and conditions. *Carter v. Vermont Department of Corrections*, Dckt. No. 21-CV-02090 (Dec. 10, 2021) (Mello, J.).

In response to the Department's motion, Petitioner contends that his appeal is timely and actually incorporates an earlier case staffing following the interrupt of his furlough. Petitioner notes that the confusion arises from the fact that he lost his furlough-approved housing in September of 2023. There was a notice of suspension, and the loss of housing did constitute a violation of his furlough terms. At the first case staffing in October, the Department charged Petitioner with developing a plan for transitional housing and a plan to avoid the risk of contact with minors. The October case staffing did not indicate how long the furlough interruption would be. The next

month, Petitioner has a second case staffing, the Department determined that Petitioner would have to stay in the facility for an extended period of time to complete programming to address his sexual risk to minors before he could become eligible for release. Once Petitioner released, the interruption would be for an extended period of time, he filed present appeal.

*Standard for a Motion to Dismiss*

The Department moves to dismiss Plaintiff's appeal on the basis that Petitioner's claim is outside the authority and jurisdiction created by 28 V.S.A. § 724; see also V.R.C.P. 12(b)(6). To determine whether a complaint survives a motion to dismiss, the court assumes the factual allegations in the complaint are true. *Colby v. Umbrella Inc.*, 2008 VT 20, ¶ 5. The court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief. Id. This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it." *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)). Courts rarely grant motions to dismiss for failure to state a claim. *Colby*, 2008 VT 20, at ¶ 5; see also *Kaplan v. Morgan Stanley & Co., Inc.*, 2009 VT 78, ¶ 7.

Courts generally disfavor these motions. *Bock v. Gold*, 2008 VT 81, ¶ 4 ("Motions to dismiss for failure to state a claim are disfavored and should be rarely granted."). For these reasons, a party seeking dismissal has a high burden to show that they are entitled to such an initial ruling. *Bock*, 2008 VT 81 at ¶ 4.

*Legal Analysis*

The Court's authority to hear a furlough appeal is defined by 28 V.S.A. § 724(c), which states that"[a]n offender whose community supervision furlough status is revoked or interrupted for 90 days or longer for a technical violation shall have the right to appeal the Department's determination . . . ." 28 V.S.A. § 724(c). While this language contains several provisions, the critical one in the present case is the 90-day window. A revocation must be for at least 90 days before an inmate can invoke the appeal process in Section 724. If the furlough is for less than 90 days, then the interruption falls outside the scope of a Section 724 appeal.

In this case, the facts before the Court, for the purposes of the present motion, indicate that the Department never decided in either September or October of 2023 how long Petitioner's furlough interrupt would last. Instead, the Department's decisions appear to take a wait and see

approach. Even the November 2023 case staffing does not explicitly set a specific term or time for [1]the interruption.

Instead of setting a specific deadline, the Department's decisions focus on programming and compliance issues. These decisions may be valid and ultimately defensible, but for the purpose of the present analysis, they do very little to express the length of the furlough in a way that would either trigger the 90-day requirement of Section 724 or put Petitioner on notice that his furlough interruption would extend beyond 90 days. There may be additional facts that would suggest that Petitioner had constructive notice that his furlough interruption was going to last for an extended period of time, but neither party has suggested this, and the Court lacks any factual basis to make such an inference.

Petitioner's situation created a paradox. If he had appealed his furlough interruption in September or October, he could not have pointed to any part of the record showing that he had or was going to have an interruption of more than 90 days. But by waiting, Petitioner has opened himself up to the Department's objections. The language of the October decision, in fact, undercuts such a conclusion as it appears to indicate that Petitioner was being prepared for a return to the community. Petitioner also could not have pointed to any actual time-periods served as he was under the 90-day threshold.

Given these potential illogical outcomes that would nullify the Section 724 appeal process and review, the Court will interpret Petitioner's situation as follows, for the purpose of the motion to dismiss. The Department's October case staffing was not a final case staffing, but it was a preliminary hearing in which the Department did not reach the final issue of length of interruption. Instead, the Department chose to continue the process and re-convened in November. It was only at that case staffing that it became apparent that the Department would be interrupting Petitioner's furlough for more than 90-days. From this determination, Petitioner took the present, timely appeal.

Based on this, the Court cannot conclude that the present appeal is either inappropriate or outside of the jurisdiction of Section 724. As such, the Court denies the Department's motion and will allow the present matter to proceed to trial.

---

[1] Petitioner's appeal, particularly if it seeks to relate back to the original October case staffing creates a timeliness issue as Rule 74 must generally be filed within 30 days of a case staffing decision V.R.C.P. 74(b)..

## ORDER

Based on this analysis, the Department's Motion to Dismiss is **Denied** at this time. The Court will set this matter for a status conference that if the parties are prepared will be converted into a pre-trial conference to set this matter for a bench trial.

Electronically signed on 3/8/2024 2:37 AM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge