Filed 04/05/24

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-03530

| Mariah Mitchell v. JTVT, LLC |
| --- |

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss; Motion Third-Party Complaint; for Leave to File a Surreply
(Motion: 3; 4)
Filer:      Gillian A. Woolf; Gary Michael Burt
Filed Date:      February 13, 2024; March 29, 2024

The motion is DENIED.

Third-Party Defendant Mountain Village School, LLC ("School") seeks to dismiss the third-party complaint filed against it for breach of contract by Defendant and Third-Party Plaintiff JTVT, LLC ("Landowner"). School's motion is built on two theories. First, School contends that a decision by the Vermont District Federal Court on a parallel Declaratory Judgment action has preclusive effect on the present claims. Second, School contends that Landowner's claims are insufficient and premature. For the reasons laid out below, the Court finds that Landowner has established a sufficient showing to survive a motion to dismiss, but that the claims, which survive are narrowly focused within a limited range.[1] Third-Party Defendant School's Motion to Dismiss is **Denied.**[2]

### Factual and Procedural Background

For the purposes of the present motion, the facts have been well-established by the parties' pleadings as well as the decision of the Federal Court to which this Court may take judicial notice without converting the present motion to dismiss into a motion for summary judgment. *Sutton v. Purzycki*, 2022 VT 56, ¶ 20. The Court will also take notice of the parties' commercial lease that was

---

[1] Plaintiff Mariah Mitchell consented to the joinder of School and the third-party complaint but took no position on the present motion.

[2] Landowner's motion to file a sur-reply is **Granted.**

attached to the third-party complaint. *Davis v. Am. Legion*, 2014 VT 134, ¶ 13 ("Where pleadings rely upon outside documents those documents merge into the pleadings and the court may properly consider them under a Rule 12(b)(6) motion to dismiss.") (quoting *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78 ¶ 10 n.4 (mem.)) (internal quotations omitted).

In 2015, Landowner leased a commercial building and grounds at 192 Thomas Lane in Stowe, Vermont. This agreement was memorialized by the parties in a Commercial Lease Agreement (the "Lease"). It is not clear from the copy of the Lease filed with the Court how much of Landowner's property was turned over to School's control and possession. The Lease refers to an Attachment A that is not included in the filings. The Lease also states in section A of the Recitals and again at section 24 that Landowner would be retaining portions of the property and would be actively developing the property during the course of School's occupancy. Under section 5.2 of the Lease, Landowner was responsible for ". . . grounds maintenance, and other such services." Exhibit A to Third-Party Complaint at 4–5.

The Lease also contains a provision requiring School to obtain liability insurance and to have Landowner named as an additional insured. This clause reads:

> **11. Insurance**. Lessee covenants and agrees that it will procure and maintain at all times at Lessee's sole cost insurance in such amounts and with such coverage as are necessary or advisable to protect against loss arising from damages, hazards, and liabilities pertaining to or resulting from Lessee's use and occupancy of the Leased Property. Such insurance coverage shall include, but not be limited to, fire and casualty coverage for all Leasehold Improvements; comprehensive general public liability insurance to cover any and all liabilities for bodily injury or death to any person or persons, and damage or destruction of property; so-called Dram Shop liability insurance, if applicable, and such other liability and damage insurance in such amounts as are necessary or advisable to the full reasonable satisfaction of Lessor, for incidents, events, or omissions occurring in the Leased Property or in connection with use of the related facilities and areas appurtenant thereto. Lessee shall name Lessor as an additional insured under all policies required herein, and shall provide Lessor with copies of all insurance policies upon request and at least annually, and more frequently in the event of any changes in coverage or conditions.

Id. at 7. Following the execution of the Lease, School purchased an insurance policy through the Markel Insurance Company. It is not clear if this policy or any other policies were presented to Landowner and what if any approval Landowner gave to the policies.

On November 1, 2019, a pine tree growing on the property fell on Mariah Mitchell, a teacher at School. It is not clear from the parties' pleadings if the tree that fell on Mitchell was located on the leased portion of the premises or on property controlled exclusively by Landowner. Mitchell filed the present negligence action against Landowner.

In December 2022, Landowner filed a declaratory judgment action against School and Markel Insurance seeking a ruling that Markel was obligated under the terms of its policy to indemnify and defend Landowner in the Mitchell negligence action. Markel removed this action to federal district court on diversity jurisdiction grounds, where the parties adopted a discovery schedule and conducted briefing on the preliminary issue of jurisdiction under 28 U.S.C. § 1332.

On November 16, 2023, the federal court issued a preliminary decision on this issue of jurisdiction. In that decision, Judge Crawford dismissed School from the action on the basis that it was a nominal party to the declaratory judgment action. Judge Crawford also re-affirmed the diversity jurisdiction of the Court. *JTVT, LLC v. Markel Insurance Co.*, *Order on Motion to Dismiss, Motion to Remand and Motion to Stay Discovery*, 2:23-cv-42, at 7 (D.Vt. Nov. 16, 2023). The express terms of the November 16, 2023 decision marks it as an interim order and not a final decision on the merits. Id. at 8 ("The next step in this case will be the substantive motions for summary judgment on the coverage issue following completion of discovery."). In reaching the conclusion regarding jurisdiction and dismissal of School, however, the Court does make a series of findings and legal conclusions to which School cites in its present motion. Judge Crawford's analysis centers on whether Landowner can state a claim against School in state court that would make it more than a nominal party to the declaratory judgment action. Id. at 5. The decision then notes that School has not been named as a defendant in Mitchell's negligence action (as of November 2023) and cannot be named as one because (1) there was no allegation that School acted in a negligent manner in regard to grounds maintenance; (2) no claim was filed within the statute of limitations; and (3) even if she had, Mitchell's employment relationship with School would yield an exclusive remedy under workers' compensation, not tort, law. Id. at 5, 6 (citing 12 V.S.A. § 512 and 21 V.S.A. § 622).

Given the federal court's determination that there were no valid, direct liability claim against School, the federal court, then looked to whether there was an active claim by Landowner against School. The federal court found that no such claim was pending and that for purposes of the federal court's jurisdictional analysis none could be pending. Specifically, Judge Crawford found that the policy itself concerned the term an "additional insured," which courts have traditionally

interpreted to extend coverage for vicarious liability, not for the additional insured's own negligence. Id. at 5. Judge Crawford also found that Landowners' claims for breach of contract against School had not been filed at the time the federal court was reviewing the matter and fell outside of the deadlines within the discovery calendar set for the declaratory judgment action. Given these findings, Judge Crawford determined that Landowner had no basis to maintain an action against School within the scope of the declaratory judgment, and by extension, it had no place in the action as anything other than a nominal party which was insufficient to defeat Markel's claim of diversity for purpose of on-going federal court jurisdiction. Id. at 7, 8.

## Legal Analysis

To determine whether a complaint survives a motion to dismiss, the Court assumes the factual allegations in the complaint are true. *Colby v. Umbrella Inc.*, 2008 VT 20, ¶ 5. The Court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief. Id. This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it." *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)). Courts rarely grant motions to dismiss for failure to state a claim. *Colby*, 2008 VT 20, at ¶ 5; see also *Kaplan v. Morgan Stanley & Co., Inc.*, 2009 VT 78, ¶ 7. Courts generally disfavor these motions. *Bock v. Gold*, 2008 VT 81, ¶ 4 ("Motions to dismiss for failure to state a claim are disfavored and should be rarely granted."). For these reasons, a party seeking dismissal has a high burden to show that they are entitled to such an initial ruling. *Bock*, 2008 VT 81 at ¶ 4.

As a preliminary matter, the Court's analysis will begin with the comparison between the various claims and potential liability between the parties. As noted above, Mitchell has made a claim against Landowner alleging its negligence in maintaining the grounds of the property. Landowner has denied liability and asserted several affirmative defenses. Mitchell has not and cannot maintain a similar claim against School for the reasons aptly summarized in the federal court's November 16, 2023 decision, and therefore this case does not involve allegations of vicarious liability against Landowner or derivative liability against School.

Landowner's sole claim against School centers on section 11 of the parties' Lease. In that provision there is language obligating School to obtain insurance coverage "to protect against loss arising from damages, hazards, and liabilities pertaining to or resulting from Lessee's use and

occupancy of the Leased Property." Exhibit A to Third-Party Complaint at 7.[3] For purposes of the present motion, the Court understands Landowner's claim in its third-party complaint to include a broader allegation than the coverage claim at issue in the declaratory judgment action pending in federal court. Landowner's breach of contract claim is that School was obligated to obtain insurance coverage that would cover not only School's specific actions, but the Landowner's actions taken in furtherance of School's occupancy of its portion of the property. Under this theory advanced by Landowner, School was obligated to obtain insurance that would not only cover Landowner for vicarious liability purposes but would also insure against any claims made against Landowner for activities arising from School's use and occupancy of the property.

In essence, Landowner's argument is that section 11 functions akin to an indemnification clause in that it obligated School to procure a policy that would cover all activities on the premises and arising from the activity of School. This would necessarily include having faculty and students walking about the immediate campus. Whether section 11 ultimately supports such an interpretation is not presently before the Court and will require additional discovery and briefing.

For purposes of the present motion, the Court will presume that Landowner can establish that the purpose of this clause was for broader indemnification through an insurance policy that would cover both School's and Landowner's actions regarding the use and occupancy of the property for School's use. The Court will also presume that the tree was located, and incident took place, on the portion of the property that was leased to School. If such facts and purpose are established, then it follows that the policy would have applied as the section would have sought shift the risk from the Landowner to the user of the property, albeit through an insurance policy, rather than through a straightforward indemnity clause. Nevertheless, such a shift in risk has been recognized as a legal and proper allocation between parties. See *Hamelin v. Simpson Paper (Vermont) Co.*, 167 Vt. 17, 19–21 (1997) (upholding an indemnification clause that shifted the risk from landowner to party using the property). If Landowner prevails on its factual theory, the right to an insurance policy will also carry a right to defense costs under the duty to defend provisions of any insurance contract. *City of Burlington v. Nat'l Union Fire Ins. Co.*, 163 Vt. 124, 127 (1994) (holding that a duty to defend arises when a claim is potentially covered by the policy). Given that the present

---

[3] There is additional language in the section concerning "additional insured" and requiring School to provide copies of any and all policies to Landowner for its approval. Id.

negligence action has arisen and is being prosecuted against Landowner, then the risk of loss and damages flowing from the alleged breach have begun and are accruing.

Based on this analysis, Landowner's motion to bring School into the present action under V.R.C.P. 14(a) is a timely and appropriate claim as School, if Landowner's theory is proven, would be liable to Landowner for all or a part of any damages that Plaintiff Mitchell may recover as well as Landowner's present and actual legal costs to defend the present action. This combination of current and potential liability is neither too tenuous, nor premature. *Sett v. Haig's, Inc.*, 164 Vt. 1, 8 (1995) (citing to the reporter's notes for Rule 14 that emphasize that claims based on "indemnity, subrogation, contribution, or warranty" are the common bases for third-party joinder).

Apart from the issues already addressed, School objects to being joined to the present action based on the expiration of the present discovery/ADR schedule and the extensive discovery that has already taken place. While these concerns are valid, they may be addressed through amendment to the discovery schedule. The Court in this respect seeks to balance the three priorities at issue. First, School's right to fair and full discovery; second, Landowner's right to have any legitimate third-party claims joined (particularly in light of the federal court's decision regarding the Markel insurance policy); and for Mitchell to have a timely adjudication of her claims. The Court finds that allowing School to have additional time to conduct any discovery it deems necessary will be the most time-efficient approach to allow the entire litigation process to move forward in a timely manner. V.R.C.P. 16.2 (noting that the Trial Court has the authority to modify the discovery schedule to prevent manifest injustice and to determine the schedule to provide reasonable accommodation to litigants).

Finally, School seeks to impose collateral estoppel from the federal district court's November 16, 2023 decision on the issue of whether School breached its obligations under section 11 of the Lease. As School notes, collateral estoppel, or issue preclusion, can apply even if a decision is not final if the decision and the current issue meet the five elements of (1) same party; (2) same issue; (3) final judgment on the merits for the issue; (4) full and fair opportunity to litigate the issue; and (5) applying preclusion is fair. *In re Tariff Filing of Cent. Vt. Pub. Serv. Corp*, 172 Vt. 14, 20 (2001). The problem with applying issue preclusion in the present matter is that the issue is not the same. In the federal court decision, the question was whether the language of the Markel policy was reasonable interpreted by Markel. The Court indicated that Markel's interpretation was generally consistent with insurance jurisprudence. *JTVT, LLC*, 2:23-cv-42, at 5. While there is little to

criticize or take issue within the federal court's analysis, the question before this Court is different. It is not a matter of interpreting the Markel policy, but it is a matter of interpreting the provisions of section 11 of the Lease. If section 11 of the Lease required a broad policy that effectively covered School and Landowner as co-insureds, then it is not immediately relevant what the Markel policy said or how it is interpreted.[4] For this reason, the federal court decision does not preclude or prevent Landowner from making a claim under section 11 of the Lease and does not constitute a final decision on School's obligation to obtain an insurance policy that fully indemnified Landowner's work on the leased property. Even if the language of the November 16, 2023 decision was read broadly, it does not by its express terms constitute a final decision on the merits. The decision envisions further briefing and process before the question of coverage an interpretation is definitively resolved. For these reasons, the Court denies School's request to dismiss based on the theory of claim preclusion.

## ORDER

Based on the foregoing, Third-Party Defendant Mountain Valley School, LLC's motion to dismiss is **Denied.** The Court shall set this matter for a status conference to allow the parties to address any changes or modifications to the present discovery schedule are necessary and whether any portion of the third-party complaint should be resolved before any mediation or motion practice regarding the primary claims in this matter.

Electronically signed on 4/3/2024 4:55 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

---

[4] Although it does become relevant if there is an affirmative defense that Landowner reviewed and approved the Markel policy.