Vermont Superior Court
Filed 03/31/24

SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00141

Jessica Miller v. Paul Ryan

Opinion and Order on Motion to Dismiss

Defendant has moved to dismiss, asserting that the Complaint is so minimal that it fails to state a claim against him. The Plaintiff stands by her pleading. The Court makes the following determinations.

The Vermont Supreme Court disfavors Rule 12(b)(6) motions to dismiss. *Ass'n of Haystack Prop. Owners v. Sprague,* 145 Vt. 443, 446–47 (such motions are to be "rarely granted"). "Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.) (citing *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 198)). In considering a motion to dismiss, the Court "assume[s] that all factual allegations pleaded in the complaint are true, accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume[s] that all contravening assertions in defendant's pleadings are false." *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557, 559 (mem.) (internal quotation, brackets, and ellipses omitted).

As a consequence, the threshold a plaintiff must meet to satisfy the notice-pleading standard under Vt. R. Civ .P. 8 is "exceedingly low." *Huntington Ingalls Indus., Inc. v. Ace Am. Ins. Co.*, 2022 VT 45, ¶ 40, 217 Vt. 195, 220–21 (citing *Bock*, 2008 VT 81, ¶ 4, 184 Vt. at 576 (mem.)).  A complaint must still meet a minimum standard of pleading, however.  Vt. R. Civ. P. 8 requires that a complaint's allegations show "the pleader is entitled to relief," and it must provide "fair notice" to defendant of the claim against him, Vt. R. Civ. P. 8, Reporter's Notes.

The motion to dismiss founders on the shoals of those standards.  Though exceedingly minimal, the Complaint puts Defendant on notice that Plaintiff owned a barn, that it burned down, that Defendant's conduct with regard to hot ash and flammable materials caused the fire, and that he acted negligently.  While admittedly skeletal, the Court cannot determine such allegations fail the scant requirements demanded by Rule 8.

Indeed, while Vt. R. Civ. P. 84 abrogated the assemblage of standardized Forms that used to accompany the Rules of Civil Procedure, it also indicated that those Forms continued to reflect accurately the "brevity and simplicity" needed to satisfy Rule 8.  Former Form No. 9, applicable to negligence actions, is of like spirit to the instant Complaint.  Form No. 9 instructs would-be plaintiffs that it suffices to allege:

> 1. On June 1, 1970, in a public highway called Church Street in Burlington, Vermont, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.

> 2. As a result plaintiff was thrown down and had plaintiff's leg broken and was otherwise injured, was prevented from transacting plaintiff's

business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

If that passes muster, so does Plaintiff's Complaint.

WHEREFORE, the motion to dismiss is denied.

Electronically signed on Wednesday, March 27, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge