STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| | Docket No. 44-4-16 Vtec |

| | |
|---|---|
| Werner Conditional Use | **AMENDED DECISION ON MOTION**[1] |

Appellant Kimberly Werner appeals a denial by the Town of Fletcher ("Town") Development Review Board ("DRB") of her application for an amendment to a 2007 conditional use permit. Appellant's pending application seeks approval for two additional attached decks and a storage shed she has already constructed on her property on Rich Island in Metcalf Pond in Fletcher, Vermont. Pending before the Court are two motions. The Town has moved to strike Appellant's July 11, 2016 Statement of Questions, and Appellant has moved to amend that Statement of Questions to add two more issues. Appellant was initially self-represented, but is now represented by Attorney Cielo Mendoza. The Town is represented by Attorney Chad Bonanni.

## Background

Appellant Kimberly Werner owns a parcel of land that encompasses an island known as Rich Island in Metcalf Pond in the Town of Fletcher, Vermont. She has a preexisting nonconforming cabin on her property.

In 2007, she received conditional use approval to reconstruct her cabin after it had been torn down ("the 2007 Conditional Use Permit"). The 2007 Conditional Use Permit also authorized her to build a detached deck on the south side of her property, as well as a composting toilet. After receiving her 2007 Conditional Use Permit, Appellant applied for and received a zoning permit (Zoning Permit 07-13), which also authorized her to build a shed on her property outside

---

[1] This Amended Decision is intended to replace an earlier Entry Order issued in error; that Entry Order represented an initial draft that the Court did not intend to be issued. This Decision supersedes and replaces the prior Entry Order.

her property's setbacks.  Appellant completed construction of the detached deck, composting toilet, and shed in 2007.

After receiving her 2007 Conditional Use Permit, Appellant constructed two additional decks attached to her cabin, each 10 feet by 10 feet.  She also built a storage shed and a dock with stairs on her property.

In 2015, Appellant applied for an amendment to the 2007 Conditional Use Permit that would approve the already-constructed decks, storage shed, and dock and stairs.  In a decision dated March 31, 2016, the DRB approved her application with regard to the dock and stairs, but denied it with regard to the two attached decks and the storage shed.  In its decision, the DRB noted that the attached decks and storage shed had been constructed within the forty-foot setback.  The DRB also noted that it had reviewed a letter from the Vermont Department of Environmental Conservation to Appellant stating that the decks and storage shed may require a shoreland permit under the Shoreland Protection Act.

Appellant timely appealed the DRB's partial denial to this Court.  On May 24, 2016, she filed a Statement of Questions that she had drafted herself, as a self-represented litigant, that contained a one-page narrative followed by ten numbered statements or questions.

The Court held an initial conference in this matter on June 13, 2016.  Before the conference, Attorney Mendoza entered his appearance on Appellant's behalf.  During the initial conference, the Court advised that it was confused by Appellant's May 24, 2016 Statement of Questions, and the Court invited Attorney Mendoza to revise it.

Appellant filed a revised Statement of Questions on July 11, 2016 ("the July 11, 2016 Amended Statement of Questions"), which included eight questions.  Two days later, on July 13, 2016, Appellant filed the pending motion to amend the Amended Statement of Questions.  Appellant's motion to amend included a new proposed Statement of Questions, which included the eight questions from Appellant's Amended Statement of Questions, along with two additional questions (Questions 9 and 10).

In response, the Town moved to strike the entire July 11, 2016 Amended Statement of Questions, arguing that it was filed without leave of the Court.  The Town also moves to "strike" all eight questions of Appellant's July 11, 2016 Amended Statement of Questions on substantive

grounds, arguing that Questions 1–4, 7, and 8 exceed the scope of review in this appeal, and that there is no set of facts that could entitle Appellant to relief under Questions 5 and 6.[2]  Finally, it opposes Appellant's motion to amend, arguing that Appellant has no justification for adding Questions 9 and 10 because no new evidence came to light between July 11, 2016 (when Appellant filed her Amended Statement of Questions) and July 13, 2016 (when Appellant filed her motion to amend).  Alternatively, the Town adds that Questions 9 and 10 are vague and ambiguous, and that Question 10 is futile, and cannot survive a motion to dismiss.

## Discussion

I.      Motion to Strike

We turn first to the Town's motion to strike.  Under V.R.C.P. 12(f), a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike should be used sparingly, and should not be used to address the substance of a motion or filing.  Watson v. Village at Northshore I Ass'n, Inc., No. 2013–451, 2014 WL 3714662, at *2 (Vt. May 2014).  We therefore treat a motion to strike questions on substantive grounds as a motion to dismiss.  In re Ring 85 Depot Street Conditional Use, No. 138-11-15 Vtec, slip op. at 1 n.1 (Vt. Super. Ct. Envtl. Div. July 6, 2016) (Walsh, J.); see also, e.g., In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt Super Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.).

---

[2] The Town actually raises its challenge to Questions 5 and 6 in its opposition to Appellant's motion to amend, rather than in its motion to strike.  The Town apparently assumes that we will grant its blanket motion to strike the July 11, 2016 Amended Statement of Questions, and it opposes the reintroduction of Questions 5 and 6 in its opposition to Appellant's motion to amend, arguing that Questions 5 and 6 should not be reintroduced because they would not survive a motion to dismiss and are therefore futile.  We do not agree with the Town's argument that the July 11, 2016 Amended Statement of Questions was filed without leave of the Court, and should be stricken in its entirety, however.  Questions 5 and 6 are therefore already part of Appellant's July 11, 2016 Statement of Questions, and Appellant's motion to amend her Statement of Questions does not affect Questions 5 and 6.  The Town's arguments regarding Questions 5 and 6 in its opposition to Appellant's motion to amend are therefore misplaced.  For simplicity's sake, therefore, we will consider the Town's argument that Questions 5 and 6 would not survive a motion to dismiss as an actual motion to dismiss Questions 5 and 6.  We will consider it along with the Town's motion to "strike" (i.e., dismiss) Questions 1–4, 7, and 8.

*a. Motion to Strike Entire July 11, 2016 Amended Statement of Questions Because it Was Filed Without Leave of the Court*

We turn first to the Town's argument that we should strike Appellant's entire July 11, 2016 Amended Statement of Questions because it exceeded our directive to "clarify" the original Statement of Questions, and was therefore filed without leave of the Court. See V.R.C.P. 15(a) (allowing amendments to pleadings after 20 days only with leave of the Court).

In Appellant's original Statement of Questions, she generally focused on three arguments: that her decks and shed were grandfathered under the Shoreland Protection Act; the Town Zoning Administrator told her that no permits were required for her additional decks and her shed was covered by her existing zoning permit; and that evidence relied on by the DRB in its partial denial violated the Fourth Amendment. She also included narrative and other numbered questions, the meaning of which the Court could not readily discern. In Attorney Mendoza's Amended Statement of Questions, filed on July 11, 2016, he carried forward most of Appellant's original questions, and added several more. Attorney Mendoza presumably thought these additions would provide the clarity the Court requested. Even if they do not, the added questions do not appear frivolous, and there is no indication or argument that their inclusion would cause prejudice to the Town. We therefore decline to strike the Amended Statement of Questions outright for being filed without leave of the Court.

*b. Motion to Dismiss Questions 1–4, 7, and 8 for Lack of Subject Matter Jurisdiction*

We turn next to the Town's motion to "strike" Questions 1–4, 7, and 8 of the July 11, 2016, Amended Statement of Questions as outside the scope of our review. As explained above, we treat a motion to strike that attacks the substance of a claim as a motion to dismiss. In this instance, the Town argues that the challenged questions are outside the scope of our review, and therefore, our subject matter jurisdiction. See V.R.C.P. 12(b)(1).

In the challenged questions, Appellant essentially raises four arguments. She argues:

1. that her structures do not require conditional use approval because they are actually authorized under her original conditional use permit (Question 4);

2. that Section 5 of the Bylaws, which governs conditional use review, violates the Fourth Amendment and is therefore legally unenforceable (Question 7);

3.  that the Town Zoning Administrator verbally represented that Appellant's structures did not require permits, and Appellant is entitled to rely on those representations (Questions 1, 3, 4, and 8);

4.  that certain unidentified evidence the Town collected on Appellant's property is inadmissible under the Fourth Amendment (Questions 2).

We are a court of appellate jurisdiction.  We review appeals de novo, 10 V.S.A. § 8504(h), and the evidence, factual findings, and legal conclusions below have no bearing on our review.  Furthermore, the scope of our review, and thus the scope of our subject matter jurisdiction, is limited by the scope of the decision appealed from.  See In re Taylor Variance, 136-11-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 12, 2016) (Walsh, J.).  If an issue is not relevant to the grant or denial of the permit on appeal, it is beyond the scope of our review.  See id. (dismissing Appellant's arguments that a proposed deck required conditional use approval and would not qualify for a zoning permit, given that the decision on appeal was the grant of a variance).

Here, the decision appealed from is the DRB's partial denial of Appellant's application for a conditional use amendment.  The only issue before the Court in this appeal, therefore, is whether Appellant's conditional use amendment application meets the relevant standards in the Bylaw.

Appellant's Question 4 challenges the necessity of a conditional use permit for her decks and shed.  Similarly, Appellant's Question 7 argues that Section 5 of the Regulations (the section requiring conditional use approval) is unconstitutional and unenforceable.  Both of these questions attempt to argue that Appellant does not need conditional use approval for her structures.  But in this appeal, Appellant has already applied for conditional use approval, and the only issue before the Court is whether her application complies with conditional use criteria.  The question of whether her structures require conditional use approval is not before the Court.  If Appellant wishes to challenge the necessity or enforceability of conditional use approval, she must await an enforcement action or some other decision by the Town announcing that conditional use review is required, and appeal that decision to this Court.  Questions 4 and 7 are therefore outside the scope of this appeal.

Appellant's arguments in Questions 1, 3, 4, and 8 also exceed the scope of this appeal.  All of these questions essentially argue that the ZA's verbal representations that no permit was

required should be binding on the Town, and should prevent the Town from enforcing the regulations or requiring removal of the structures. While these arguments may be relevant to a future enforcement action, they are not relevant to Appellant's conditional use appeal. Again, the only issue before the Court is whether Appellant's structures comply with the conditional use criteria. If Appellant wishes to argue that no conditional use approval is required given the ZA's statements, she must await a notice of violation by the Town, and appeal that determination to this Court.

Finally, in Question 2, Appellant argues that evidence the DRB relied on below was obtained in violation of the Fourth Amendment and should therefore have been "considered inadmissible"—presumably a reference to the Fourth Amendment's exclusionary rule. See In re Rosenburger, 2009 VT 18, ¶ 17, 185 Vt. 343 (outlining the exclusionary rule). Even assuming that the exclusionary rule could apply to an environmental permitting appeal (which is highly unlikely[3]), evidentiary issues are not proper considerations for a Statement of Questions. The evidence relied on below is irrelevant in a de novo appeal, and the Court cannot rule on the admissibility of evidence that has not yet been offered in the de novo appeal. In re Buchwald Home Occupation Conditional Use Permit, No. 181-12-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 1, 2014) (Walsh, J.). Appellant must raise these evidentiary issues either through a motion in limine (in anticipation of specific evidence), or in an evidentiary objection at trial.

   c.      *Motion to Dismiss Questions 5 and 6 for Failure to State a Claim*

Finally, we turn to the Town's motion to dismiss Questions 5 and 6. Questions 5 and 6 raise the issue of whether Appellant's structures comply with certain conditional use standards. The Town argues that these questions should be dismissed because the decks and shed are inside Appellant's property setbacks, which disqualifies them from conditional use approval.

---

[3] The exclusionary remedy is traditionally confined to criminal law. See Rosenburger, 2009 VT 18, ¶ 17. While the Vermont Supreme Court and the U.S. Supreme Court have applied the rule in civil contexts, it is almost always in civil suits that are closely related to the criminal justice system. See, e.g., State v. Lussier, 171 Vt. 19, 33 (2000) (applying the exclusionary rule in a hearing on civil suspension of a driver's license for drunk driving); In re One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 700–02 (1965) (applying the exclusionary to rule to "quasi-criminal" civil forfeiture proceedings). We have found no precedent for this rule's application to land use litigation and cannot discern why it should be applied to a conditional use application appeal, in which no penalties—civil or criminal—are at issue.

We will only grant a motion to dismiss for failure to state a claim when there are "no facts or circumstances that would entitle Appellant to relief" under the challenged questions. See In re Wagner and Guay Permit, No. 150-10-14 Vtec, slip op. at 1–2. (Vt. Super. Ct. Envtl. Div. April 2, 2015) (Walsh, J.) (quoting Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1). When a motion to dismiss requires us to look past the face of the pleadings into facts of the case, we will consider the motion under the summary judgment standard in Rule 56. V.R.C.P. 12(b). Here, the Town's argument requires us to look past the questions themselves into the facts of the case. The Town does not include any affidavits or other record materials that would be admissible as evidence in a de novo hearing to support its factual claim that Appellant's structures are inside the setbacks, as required in Rule 56. See V.R.C.P. 56(c). We therefore **DENY** the Town's motion to dismiss Questions 5 and 6.

## II.     Motion to Amend

Vermont Rule of Civil Procedure 15 governs amendments to a statement of questions before the Environmental Division. In re Buchwald Home Occupation Cond. Use Permit, No. 181-12-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. April 1, 2014) (Walsh, J.). Under V.R.C.P. 15(a), a party who seeks to amend a statement of questions more than 20 days after it is filed may only do so with leave of the Court. Trial courts are encouraged to allow pleading amendment, so long as an opposing party will not be unfairly prejudiced and the amendment request "is not obviously frivolous nor made as a dilatory maneuver in bad faith." Hunters, Anglers & Trappers Assoc. of Vermont, Inc. v. Winooski Valley Park Dist., 2006 VT 82, ¶ 17, 181 Vt. 12 (quoting Bevins v. King, 143 Vt. 252, 254–55 (1983)). However, the Court may deny motions to amend if the amendment would be "futile," i.e., if the added claims would not survive a motion to dismiss. Prive v. Vt. Asbestos Grp., 2010 VT 2, ¶ 13, 187 Vt. 280.[4]

Appellant's motion to amend proposes to add two questions—Questions 9 and 10—to her Statement of Questions. In Question 9, Appellant argues that her structures are exempt from the requirement of a zoning permit, and therefore from a conditional use review, under Section

---

[4] The Supreme Court in Prive cautioned that, because a party moving for dismissal faces such a high standard, such dismissal motions "are disfavored and should rarely be granted." Prive, 2010 VT 2, ¶ 14 (quoting Bock v. Gold, 2008 VT 81, ¶ 14, 184 Vt. 575). We have therefore also taken into consideration this established aversion to dismissal of claims.

6.5 of the Bylaws. In Question 10, Appellant argues that no shoreland permit is required for her structures because they were built before the Shoreland Protection Act was enacted.

Both of these questions are outside the scope of our review. Question 9, like Questions 4 and 7, essentially argues that no conditional use review is required for Appellant's structures. Whether this is true or not is irrelevant in this appeal. As explained above, the only issue before the Court is whether Appellant's structures comply with the conditional use criteria. If Appellant wishes to challenge the necessity of conditional use review, she must wait until the Town makes some determination that conditional use approval is required, and appeal that determination to this Court.

Question 10 is evidently intended as a response to a letter Appellant received from an agent at the Vermont Department of Environmental Conservation informing her that her structures require a shoreland permit, and the fact that the DRB referred to this letter in its decision. The DRB has no authority to declare that a shoreland permit is or is not necessary, and we therefore lack the authority to consider the issue in this appeal. See In re Taylor Variance, 136-11-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 12, 2016) (Walsh, J.). If Appellant wishes to challenge the necessity of a shoreland permit for her structures, she must appeal the DEC's determination directly.

Because Questions 9 and 10 are outside the scope of our review, adding those questions to the Statement of Questions would be futile. We therefore **DENY** Appellant's motion to amend.

### Conclusion

The issues Appellant raises in Questions 1–4, 7, and 8 of her July 11, 2016 Amended Statement of Questions, filed July 11, 2016, do not raise issues within the scope of this appeal. We therefore **GRANT in part** the Town's motion to strike these questions, which we treat as a motion to dismiss. We **DENY in part** the Town's motion to strike Questions 5 and 6 in the July 11, 2016 Amended Statement of Questions because these questions were filed with leave of the Court and because there exist facts that, if proven, could entitle Appellant to relief under those questions. We **DENY** Appellant's motion to amend her July 11, 2016 Amended Statement of Questions to add Questions 9 and 10 because both of those questions raise issues that are outside the scope of this appeal.

Remaining before the Court are Appellant's Questions 5 and 6. The Court has made hand-written notations on the proposed Statement of Questions attached to Appellant's July 13, 2016 Motion to Amend to reflect this ruling.

Electronically signed on August 31, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Cielo M. Mendoza (ERN 3676), Attorney for Appellant Kimberly Werner
Chad V. Bonanni (ERN 4155), Attorney for Interested Person Town of Fletcher