*Palin v. Menard*, No. 378-6-17 Wncv (Teachout, J., Apr. 26, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                        **CIVIL DIVISION**
**Washington Unit**                                        **Docket No. 378-6-17 Wncv**

**ROYAL PALIN**
    **Plaintiff**

    **v.**

**LISA MENARD et al.**
    **Defendants**

## DECISION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Royal Palin is currently serving a federal sentence in federal prison. At some point prior to his federal sentence, he served a term of imprisonment in Vermont. He served the maximum incarcerative portion of his Vermont sentence and was released on probation. He apparently engaged in the conduct giving rise to his federal sentence during this period of probation. His claims in this case are twofold. His first claim is that the Vermont DOC should have released him 17 days earlier than it did. His second claim is that the DOC did not provide effective programming and mental health treatment for him while he was incarcerated, did not prepare him to be successful once he was released, and did not properly care for him, or reincarcerate him, while he was on probation, causing him to abuse drugs and reoffend. Among other things, Mr. Palin seeks substantial monetary damages in this case, as compensation for the money he would have earned were he not incarcerated. Defendants include the State of Vermont as well as numerous DOC agents or officials. Mr. Palin has filed a motion for summary judgment apparently addressing both claims. Defendants have filed two summary judgment motions. The first addresses any healthcare-related claims. The second addresses any other claims Mr. Palin may have raised.

*Mr. Palin's summary judgment motion*

Mr. Palin's summary judgment motion is denied for lack of compliance with Rule 56. A summary judgment motion must be supported by a statement of undisputed facts with citations to admissible evidence in the record. V.R.C.P. 56(c)(1), (2). Mr. Palin did not file any such statement. To the extent that Mr. Palin claims that he could not submit such a statement because Defendants did not comply with his discovery requests completely enough, the court notes that he never presented any disputes about lack of compliance with discovery to the court. He also does not explain with any specificity what evidence Defendants failed to produce and how it prevented him from submitting his own statement of undisputed facts to support his motion. Mr. Palin's motion for summary judgment is denied.

*Release from Vermont custody*

Mr. Palin's claim based on serving an additional 17 days in Vermont custody is unclear. Mr. Palin evidently was in Vermont custody serving time in "work camp," where he could earn good time. He asked the DOC to recalculate his sentence consistent with a Bennington trial court decision. The DOC did so and moved up his maximum release date to one or two days later. Upon doing so, the DOC also awarded him the most good time it could, eliminating the balance of his incarcerative sentence, and he was promptly released to probation. When he was returned to incarceration from probation, he filed suit in Rutland County seeking whatever good time he believed he had earned prior to probation but had not already been applied to his sentence. The DOC then apparently credited his post-probation term with that good time. Having already gotten the benefit of all the time (whether time served, good time, or time off due to DOC policy regarding a Bennington court decision) and having litigated this matter already in Rutland County, no remaining claim is apparent to the court or articulated with enough clarity by Mr. Palin to require any further response from Defendants. Defendants are entitled to summary judgment on this issue.

*Other claims*

Any other legal claims attempted to be raised in this case are unclear. Defendants have reviewed his pleadings and other filings and drawn inferences as to what those legal claims might be. They have sought summary judgment on those claims *as identified by them*.[1]

The court's review of Mr. Palin's pleadings and other filings shows that he does not think that he was treated fairly by Vermont DOC during his incarceration, both as to mental health treatment and programmatic needs. He also does not think that the DOC did a good enough job preparing him for life on probation once his incarcerative sentence maxed out. He further believes that those charged with supervising his probation similarly did not make effective efforts at helping him with housing, substance abuse issues, and other mental health needs. The narrative he portrays implies that he believes that his subsequent criminal behavior and incarceration were all but a foregone conclusion due to the lack of any effective interventions by the DOC or its officials or agents. This may not be inaccurate as to what happened, but it does not mean that he has a legal claim for compensation.

The question is whether he has identified a right recognized under Vermont law that is a valid legal basis for a claim, and secondly whether he has come forward with enough evidence to support going to trial on such a claim. Vermont's *pleading* standard is exceptionally minimal. See *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 ("the threshold a plaintiff must cross in order to meet our notice-pleading standard is 'exceedingly low'"); *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it."). The "bare bones statement" that might satisfy that

---

[1] Defendants have described possible claims, and legal theories about those claims, that they believe Mr. Palin might possibly be trying to raise in this case. They are all inferences drawn from the allegations of the narrative Mr. Palin has presented in the complaint. As the court cannot conclude from Mr. Palin's own submissions that these are his claims, the court declines to address all the possible claims proposed by Defendants.

pleading standard is not enough in relation to a Rule 56 summary judgment motion.

As described in one treatise:

> [Rule 56] . . . has operated to prevent the system of extremely simple pleadings from shielding claimants without real claims; in addition to proving an effective means of summary action in clear cases, it serves as an instrument of discovery in its recognized use to call forth quickly the disclosure on the merits of either claim or defense on pain of loss of the case for failure to do so.

10A Wright & Miller et al., Federal Practice & Procedure: Civil 4th § 2712 (4th ed.) (quoting Clark, Code Pleading (2d ed. 1947) § 88, at 566.). Mr. Palin's motion for summary judgment and his filings in opposition to Defendants' summary judgment motions do not demonstrate any triable issue on any identified legal claim any better than his initial pleading does. The general narrative of his experiences is insufficient for summary judgment purposes.

The record does not set forth legal claims sufficient for the court to determine whether it includes evidence sufficient to demonstrate any triable issue. In these circumstances, Rule 56 must operate to prevent Vermont's lenient pleading standard from shielding a claimant unable to demonstrate that he possesses a "real claim." See V.R.C.P. 1. Defendants are entitled to summary judgment.

## ORDER

For the foregoing reasons, Mr. Palin summary judgment motion is denied. Defendants' summary judgment motions are granted.

Dated at Montpelier, Vermont this _____ day of April 2019.

_____
Mary Miles Teachout
Superior Judge

3