**SUPERIOR COURT**
Washington Unit

2016 DEC -6 P 3:42

**CIVIL DIVISION**
Docket No. 585-9-15 Wncv

**CLINTON BEDELL**
    Plaintiff

FILED

    v.

**STATE OF VERMONT**
    Defendant

**DECISION**
**Defendant's Motion to Dismiss**

Mr. Clinton Bedell, a Vermont inmate, asserts in this case that: (1) he should get the retroactive benefit—a lower maximum sentence—of a 2006 amendment to 13 V.S.A. § 3252 (sexual assault); (2) he should not have been convicted because of the "marriage exception"; (3) § 3252 violates his religious and privacy rights; and (4) his guilty plea was involuntary.[1] The State has filed a Rule 12(b)(6) motion to dismiss to four claims.

*Standard*

The Vermont Supreme Court has made clear that "[t]he complaint is a bare bones statement that merely provides the defendant with notice of the claims against it." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1. "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is 'exceedingly low.'" *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. The purpose of the complaint "is to initiate the cause of action, not prove the merits of the plaintiff's case." *Colby*, 2008 Vt. 20, ¶ 13. The mere absence of an allegation or an element is not a proper basis for dismissal. *Id.*; see also 5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1356, at 296 ("The Rule 12(b)(6) motion . . . is not designed to correct inartistic pleadings.").

*The Amendment to 13 V.S.A. § 3252*

Plaintiff claims that he was sentenced to a term of imprisonment pursuant to pre-amendment 13 V.S.A. § 3252 that substantially exceeds the potential maximum he could have been sentenced to after the 2006 amendment. He seeks a reduction of his maximum sentence to match that available under the post-amendment version of the statute.[2]

---

[1] These are the claims as the State distills them. The pleadings in fact are largely incomprehensible.

[2] It is wholly unclear under what subsection of § 3252 Mr. Bedell was convicted and sentenced. In the late 1990s, two potential sentence maximums existed under the various subsections of § 3252: 20 years and 35 years. When the statute was amended in 2006, the two potential sentence maximums became 20 years and life. 2005, No. 192 (Adj. Sess.), § 10. While the potential maximum sentence increased for some violations, it does not appear that it was reduced for any. It is thus unclear how Mr. Bedell could have been sentenced under any subsection with a higher

It appears to be the mere fact that the sentence maximum allegedly was reduced at some point after Mr. Bedell was convicted and sentenced that he feels may entitle him to the lowered maximum. The law does not support Mr. Bedell's claim. Nothing in the legislation in which the amendment appears makes any of its provisions retroactive. See 2005, No. 192 (Adj. Sess.). Under 1 V.S.A. § 214(c), a reduction in the terms of a sentencing statute will apply to a case pending at the time of amendment, but only if the amendment occurs before the sentence is imposed. That did not happen here. The Ex Post Facto Clause of the United States Constitution, U.S. Const. art. I, § 10, will prevent a more onerous sentencing regime from applying retroactively. That too, however, did not happen here. The court is unaware of any legal basis for Mr. Bedell's claim and he offers none. This claim is dismissed.

### The marriage exception

Under both 13 V.S.A. § 3252(a)(3) (1999) and 13 V.S.A. § 3252(c)(1), sexual acts with a minor under 16 are not unlawful if the acts are consensual and the actors are married. Mr. Bedell asserts that he was married to the victim, his daughter (as well as others, he claims to have "many wives"), and all acts were consensual. Thus, he concludes, the "marriage exception" should have insulated him from criminal liability.

The reference to marriages in the relevant statutes can only reasonably be interpreted to mean lawful marriages. A man cannot lawfully marry his daughter in Vermont. 15 V.S.A. § 1a (current); 15 V.S.A. § 1 (repealed by 2009, No. 3, § 12).[3] Nor has Mr. Bedell pointed to anywhere where it is lawful and alleged that the marriage took place there and can be recognized in Vermont. This claim is dismissed.

### Religious and privacy rights

Mr. Bedell appears to claim that he had a constitutional right to a consensual, sexual relationship with his minor daughter and 13 V.S.A. § 3252 violates those rights. This claim may be disposed of briefly. There is no constitutional right of a father to have *any* sexual relationship with his daughter. See, e.g., *State v. Freeman*, 801 N.E.2d 906, 910 (Ohio Ct. App. 2003) (There is no "constitutionally protected right to engage in incest with [one's] daughter.").

### Involuntariness of plea

Mr. Bedell claims that his plea was involuntary because at the time it was entered, among other things, he was heavily drugged, suicidal, and had been found to be incompetent. He alleges that he insisted to the trial judge that he would not plea guilty and the trial judge promised him that he could have a trial. The next thing he knew, he alleges, he was incarcerated pursuant to a plea of guilty.

---

maximum pre-amendment than would have become available post-amendment. The State is silent on this matter in its motion to dismiss.

[3] The State relies exclusively on 15 V.S.A. § 1a, which did not exist when Mr. Bedell was convicted and sentenced and, presumably, whenever he claims to have married her.

The State argues that this claim should be dismissed because the docket sheet for his criminal case contains an entry to the effect that the judge found his plea to be entered voluntarily.

The State's argument is misplaced. Mr. Bedell has asserted a cogent post-conviction relief claim to the effect that his plea was not entered voluntarily. Under Rule 12(b)(6), the question is not whether this is so as a factual matter, but merely whether a claim has been stated. Plainly, one has. Additionally, an entry on a docket sheet could not establish voluntariness in any event. To the extent that it is evidence that the trial judge made a finding on voluntariness, that is insufficient on its own to demonstrate voluntariness.

*Summary*

All of Mr. Bedell's claims are dismissed except for his involuntary plea claim.

ORDER

For the foregoing reasons, the State's motion to dismiss is granted in and denied in part.

Dated at Montpelier, Vermont this 6th day of December 2016.

Mary Miles Teachout,
Superior Judge

3