STATE OF VERMONT
WASHINGTON COUNTY

FILED

2009 JAN 27 A 10: 20

SUPERIOR COURT
WASHINGTON COUNTY

| | | |
|---|---|---|
| **State of Vermont,** | ) | |
| Plaintiff, | ) | **Washington Superior Court** |
| | ) | **Docket No. 307-5-06 Wnc** |
| v. | ) | |
| | ) | |
| **Bradford Oil Company, Inc.,** | ) | |
| Defendant. | ) | |

## Decision
### Frank Stark's Motion to Dismiss (filed Nov. 12, 2008) and Bradford's Motion for Leave to File a Surreply (filed Dec. 23, 2008)

In this case, the Vermont Agency of Natural Resources seeks the abatement and cleanup (including related damages and penalties) of hazardous waste discovered on a site in Springfield currently owned by Defendant Bradford Oil Company, Inc. Bradford, the sole defendant to the State's claim, has filed third-party claims against numerous parties, including Frank Stark, for contribution. In the second amended third-party complaint, Bradford claims that Frank Stark has contribution liability as a 10 V.S.A. § 6615(a)(2) operator. Mr. Stark has filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim.

### Lack of personal jurisdiction

Mr. Stark is a resident of New York and claims that this court lacks both specific and general jurisdiction over his person. Bradford argues that Mr. Stark waived any such claim by not raising it in a timely manner in response to the first amended third-party complaint. Bradford also presented evidence of Mr. Stark's contacts with Vermont in an effort to show that, in any event, the court has personal jurisdiction. Alternatively, Bradford seeks a period of limited discovery to develop sufficient evidence of personal jurisdiction.

The State's complaint against Bradford was filed on May 24, 2006. Bradford's original answer and third-party complaint were filed on September 8, 2006. Bradford's first amended third-party complaint was filed "as a matter of course" on September 21, 2006. V.R.C.P. 15(a). In that complaint, Bradford alleged that from 1962 to 1984 Mr. Stark was an officer of a family-run corporation, Gas Company of Vermont, that owned the site. Bradford does not specifically allege that a release occurred during Mr. Stark's operation of the site, but states that "The matters asserted in the Complaint arise from and are the responsibility, in whole or in part, of Frank Stark by virtue of his operation and/or control of the Site." First Amended Third-Party Complaint ¶ 189. Bradford claimed that Mr. Stark has contribution liability as a 10 V.S.A. § 6615(a)(2) operator.

Frank Stark, appearing pro se, filed an answer to the first amended third-party complaint on November 2, 2006. Mr. Stark's answer does not raise any issue over personal jurisdiction,

and Mr. Stark did not file a Rule 12 motion at that time.

On July 14, 2008, Bradford sought leave to amend its first amended third-party complaint, which was granted on September 8, 2008. On September 10, 2008, Bradford filed its second amended third-party complaint. As against Frank Stark, the amendment changed the substance of the allegations against Frank Stark little, but specifically added that "releases of hazardous substances occurred on the Site . . . during the period of Mr. Stark's operation . . . ." Second Amended Third-Party Complaint ¶¶ 182–89 (filed Sept. 10, 2008). The first amended third-party complaint did not specifically allege a release during Mr. Stark's period of operation.

Mr. Stark filed the motion to dismiss under consideration on November 12, 2008.

Under Rule 12(g), all bases for Rule 12 relief are required to be consolidated into one Rule 12 motion, other than motions based on a failure to state a claim, a failure to join a necessary party, a failure to state a legal defense, or subject matter jurisdiction. See Rule 12(g), (h)(2), and (h)(3). Under Rule 12(h)(1), "[a] defense of lack of jurisdiction over the person . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

Mr. Stark did not raise personal jurisdiction as a defense to the first amended third-party complaint in a Rule 12 motion or in his answer. He thus waived the defense, with regard to that complaint, under the plain language of Rule 12(h)(1). See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1391, available on Westlaw ("The penalty for failing to raise any of these defenses at this point is waiver as numerous federal courts have held, . . . and as the text of the rule makes clear.").

The question now is whether, two years later, Mr. Stark gets a second bite at the personal jurisdiction apple because Bradford amended its third-party complaint. The controlling principle is stated succinctly by Wright and Miller: "The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading; conversely, a Rule 12 defense that becomes available because of new matter in the amended complaint may be asserted by motion." *Id.* § 1388. There is no difference between the corresponding Vermont and federal rules suggesting a different approach in Vermont.

Mr. Stark has not explained why he thinks the amendment of the third-party complaint should revive his personal jurisdiction defense two years after the original waiver. The court has reviewed the allegations against Mr. Stark in the first amended third-party complaint with those of the second amended third-party complaint and discerns no reason why the defense raised in response to the latter complaint was not equally available to Mr. Stark at the time of the former complaint. Mr. Stark presumably knows what his specific and general contacts with Vermont were and should have raised the matter in response to the first amended third-party complaint.

Mr. Stark waived his personal jurisdiction defense.

**Failure to state a claim**

Mr. Stark also argues that he is entitled to dismissal because the second amended third-party complaint fails to state a claim upon which relief may be granted against him. Nominally, he argues that the complaint fails to allege that he was an operator at the time of a release within the meaning of *United States v. Bestfoods*, 524 U.S. 51 (1998), which the court adopted in a prior ruling. The complaint plainly alleges, however, that Mr. Stark was an operator at the time of a release and thus has contribution liability under 10 V.S.A. § 6615(a)(2), 6615(i). It is evident that Mr. Stark's argument is not so much that a legal claim has not been stated, but that the claim stated is impermissibly vague or unsupported by more detailed allegations. Mr. Stark explains,

> Bradford Oil cannot point to a single fact to support its claim, however, and the law imposes a higher duty on Bradford Oil than simply to make allegations (virtually all "upon information and belief") against an individual in the hope that discovery will turn up some evidence of actual liability by Mr. Stark. This Court should dismiss Mr. Stark from the case, and not force him to spend tens of thousands of dollars to defend himself against such tenuous claims.

Frank Stark's Reply to Bradford's Opposition at 4 (filed Dec. 16, 2008).

Recently, the Vermont Supreme Court has not been particularly receptive to this form of argument in support of Rule 12(b)(6) dismissal. See *Bock v. Gold*, 2008 VT 81, ¶ 4 ("the threshold a plaintiff must cross in order to meet our notice-pleading standard is 'exceedingly low'"); *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it."). Mr. Stark has what Rule 8 requires, bare bones notice of the legal claim against him; Rule 56 is the better vehicle to demonstrate that Bradford cannot prevail on the claim. Rule 12(b)(6) is not always an all-or-nothing chance at ending litigation early. As *Colby* urges, in appropriate cases, summary judgment proceedings can be undertaken "at little expense after conducting limited discovery." *Colby*, 2008 VT 20, ¶ 14.

Counsel do have, however, a "higher duty" than to make wild allegations hoping beyond hope that discovery will reveal a legitimate basis for a claim. In Vermont, the higher duty exists less in Rules 8 and Rule 12(b)(6) and more in Rules 1 and 11. At risk of sanction, Bradford's counsel, by signing the complaint, certified that to the best of his knowledge, formed after a reasonable inquiry, the "allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." V.R.C.P. 11(b)(3); see also Bradford's Surreply at 4 (filed Dec. 23, 2008) (*expressly* claiming to have undertaken "an extensive pre-filing investigation into the activities of the Stark family"). Bradford is entitled to the opportunity to make its case.

## ORDER

For the foregoing reasons,

1)           Bradford's Motion for Leave to File a Surreply is *granted*, and

2)           Frank Stark's Motions to Dismiss is *denied*.

Dated at Montpelier, Vermont this 23rd day of January 2009.

Mary Miles Teachout
Presiding Judge

4