Filed 08/30/24

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-01231

---

**Dayami Garcia et al v. Allan Birch et al**

---

# ENTRY REGARDING MOTION

Title:        Motion to Amend Complaint; Motion to Dismiss; Motion to Dismiss ; ;  (Motion: 2; 4; 7)
Filer:        Brice Simon; Everett M. Secor; Kyle S. Clauss
Filed Date:   June 19, 2024; July 22, 2024; August 07, 2024

The motion is GRANTED IN PART and DENIED IN PART.

This is a landlord tenant case that has been complicated by several preliminary issues.  After reviewing the filings, the Court finds that some of these issues are the responsibility of the parties, and some are the result of prior parties.  Presently, the Plaintiffs seek to advance a claim of ejectment that Defendants oppose on a variety of procedural bases.

The Court recognizes that part of the difficulty in this case arises from the fact that Defendants initially formed a rental relationship with Plaintiffs' predecessor in title, Frederick Schwagg, who owned the buildings until his passing last year.  Mr. Schwagg's passing appears to have come at the end of a long illness during which time he did not or could not maintain his properties and provide the oversight and management that would normally follow in a landlord tenant relationship.  Plaintiffs have alleged that part of this lack of maintenance is due to Defendants who they claim blocked efforts to provide maintenance.

The property is presently subject to litigation with the Town of Burke concerning zoning, fire safety, and habitability issues.  The parties to that litigation have entered a stipulated judgment that requires the Plaintiffs in the present case to remove all tenants from the premise to perform necessary fire safety upgrades and to bring the property into zoning compliance.

In their motion to dismiss, Defendants raise a number of issues, but the Court will focus on the primary relevant issue, which is what notices of termination are presently active, and whether the complaint may be amended to reflect any new cause of action that has arisen.

The first notices of termination, which the Plaintiffs taped to Defendants' doors on January 30, 2024 are facially invalid. They do not cite to a proper provision under 9 V.S.A. § 4467 and appear to impose a re-set to the rental relationship by virtue of Mr. Schwagg's passing. The notices do not cite to a date certain, and they appear to have been taped to the door of the units, which is not a method of delivery allowed under the definition of "actual notice" as that term is defined in 9 V.S.A. § 4451. For these reasons, these initial notices are invalid, and cannot sustain the present action.

The second set of notices were delivered from Plaintiffs' counsel in a letter dated March 29, 2024. In that letter, addressed to both Defendants, Plaintiffs indicate that the lease is being terminated for three reasons: (1) for criminal activity under 9 V.S.A. § 4467(b)(2); (2) for violations of the rental agreement or the terms of 9 V.S.A. § 4467(b)(1); and (3) for no cause under the 90-day notice provisions of 9 V.S.A. § 4467(c)(1)(B).

To the extent that this notice seeks to terminate Defendants' tenancy under either 9 V.S.A. § 4467(b)(1) or (2), the notices are invalid. They do not give any indication what criminal activity or what breaches of the lease have occurred or the basis for the termination. The notice of termination cannot leave tenants in the dark and guessing at the legal significance of the termination. *Andrus v. Dunbar*, 2005 VT 48, ¶ 13.

This does not mean that landlord has to spell out the nature of each and every violation or cite the publicly available statutes at length, but it does mean that they must provide some notice to allow tenant to correct the issue or challenge it if there has been an error. In this respect, the Court would analogize the need for clarity under Section 4467(b) to the requirements for pleadings that require only notice of the allegations. See *Huntington Ingalls Industries, Inc. v. Ace American Insurance Co.*, 2022 VT 45, ¶¶ 40 (complaints need only make a "bare bones statement that merely provides the defendant with notice of the claims against it"); see also *Bock v. Gold*, 2008 VT 81, ¶ 4 (mem.) (holding that notice pleading standards are exceedingly low). A notice of termination under Sections 4467(b)(1) and (2) should not carry a higher standard than what the eventual pleading will require,

but at the same time, it would frustrate the purpose of the statute to merely state that the lease was terminating for these reasons without providing some notice of what the violations are alleged to be.

This leaves only the notice of termination for no cause under 9 V.S.A. § 4467(c)(1)(B). Termination for no cause is self-explanatory and needs no special notice, unlike Section 4467(b). The Court finds no violation by delivering the notice of no cause to the Defendants jointly as both began their tenancy at the same time, and the notice is sufficient to show that both are being terminated jointly. As a no cause eviction, there are no individual standards or behaviors to notice, and the Court is satisfied that this joint notice is effective and sufficient.

Defendants object to the way they received the notice of termination because it was included in a packet of materials that were filed with the inception of the present action. While this may not be a best practice, it does technically comply with actual notice under 9 V.S.A. § 4451 in that it put the notice into the hands of the Defendants in a timely manner. While Defendants allege that this could have led to potential confusion, there is no evidence that any actual confusion ensued, or that the document was not received. For the limited purposes of 9 V.S.A. §§ 4451and 4467, this notice is sufficient to deliver the notice of termination for no cause.

This brings the Court to the question of whether it can permit the amendment of the complaint under V.R.C.P. 15(a), or if Defendants must re-file the complaint on or before September 13, 2024 when the 60-day window under 9 V.S.A. § 4467(k). The Court finds that Defendants' arguments on this front are valid in that the original complaint appears to have been facially invalid given that at the time it was filed, the present no cause termination had not matured, and the underlying bases from the January 30, 2024 notices were so invalid as to render the original complaint invalid from the moment it was filed.

More importantly, the present amended complaint was filed and drafted before the notice for termination for no cause had matured. In their rush to the Courthouse, Plaintiffs have failed to allow the process to play out. While the Court can imagine situations where Rule 15 would allow amendment, particularly if one basis for termination, such as non-payment of rent, gave rise to a cause of action, and plaintiff sought to later join a no cause termination that did not mature at the time of filing. This is because the landlord is always juggling multiple notices with the 60-day time limits of Section 4467(k). In such a case, the first cause of action is valid and sustains the cause of action while the amendment simply adds the separate, additional cause.

The present case is more disjointed. Each of the preceding causes of action have been found wanting, and Plaintiffs were effectively trying to revive a walking dead-man by introducing separate and new re-animating claims. While Rule 15 does allow liberal amendments, it must be read within the context of the statutes behind ejectment and the supporting case law. Under 9 V.S.A. § 4468, a landlord's right to seek ejectment under 12 V.S.A. § 4853 does not arise until the tenancy is terminated. In this case, where the prior terminations were facially invalid, the Court will not allow the artificial resuscitation sought by Plaintiffs. *Andrus v. Dunbar*, 2005 VT 48, ¶ 15 ("Because the tenancy had not been terminated on the date that the landlord brought the ejectment action, the trial court should have entered judgment for tenant.").

## **ORDER**

For these reasons, Defendant's Motion to Dismiss is **Granted**, and Plaintiff's Motion to Amend is **Denied** as futile. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4 (noting that a motion to amend may be denied based on the futility of the amendment).

In making this ruling, the Court has clarified that its review of the notice of termination for no cause appears to be sufficient to support new and separate cause of action, and nothing in this decision prevents Plaintiffs from filing a new and revised complaint based on this notice of termination. All other notices are deemed facially invalid under 9 V.S.A. §§ 4451 and 4467. Plaintiffs are free to file a new complaint based on their notice of no cause termination.

Electronically signed on 8/30/2024 11:17 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge