VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00093



| Peacefield, LLC JO |
|---|

## ENTRY REGARDING MOTION

Motion: Motion to Dismiss

Filer: Christopher Boyle, Attorney for Cross-Appellants Tom Meyerhoff and Cynthia Volk

Filed Date: October 30, 2024

Memorandum in Opposition, filed by Alexander J. LaRosa, Attorney for Appellant Peacefield, LLC
    on November 26, 2024.

Reply to Memo in Opposition, filed by David Grayck, Attorney for Cross-Appellants on December
    9, 2024

**The motion is DENIED.**

This is an appeal of an August 8, 2023 Jurisdictional Opinion (the 2023 JO) issued by the
District #3 Coordinator to Peacefield, LLC (Appellant) concluding that an Act 250 permit is required
for the limited operation of an on-farm restaurant located off Pomfret Road in Woodstock, Vermont.
Appellant appealed the District Coordinator's decision to this Court on August 24, 2023.  Neighboring
landowners Tom Meyerhoff and Cynthia Volk (Neighbors) filed a cross-appeal.

Presently before the Court is Neighbors' motion to dismiss Question 1 of Appellant's
Statement of Questions.  The motion cites to Vermont Rules of Civil Procedure 12(b)(1) and 12(b)(6)
as the applicable legal standards.

### Discussion

In reviewing a motion to dismiss under V.R.C.P. 12(b)(1) for lack of subject matter
jurisdiction, we accept as true all uncontroverted factual allegations and construe them in a light most
favorable to the nonmoving party.  Rheaume v. Palito, 2011 VT 72, ¶ 2, 190 Vt. 245.  By contrast,
when reviewing a 12(b)(6) motion to dismiss for failure to state a claim, we will not dismiss a claim
unless it appears "beyond a doubt that there exist no facts or circumstances, consistent with the
complaint, that would entitle the plaintiff to relief."  Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575.

"Motions to dismiss for failure to state a claim are disfavored and should be rarely granted." Id. (citation omitted).

Here, Neighbors' motion fails to allege any facts to suggest that this Court lacks subject matter jurisdiction over Appellant's Question 1. Question 1 asks:

> Does the service of farm dinners at Peacefield Farm for up to sixty people two nights a week, wherein at each farm dinner, substantially most of the ingredients used would be produced on Peacefield Farm but in all cases more than 50.1% of the ingredients sold and served (by weight or volume) will come directly from Peacefield Farm (herein "the Project"), fall with the definition of "farming" or "agriculture" as defined in 10 V.S.A. 6001(22) and Rule 2(c)(19) of the Act 250 Rules such that no Act 250 Permit is required for the Project?

Appellant's Statement of Questions, filed September 6, 2023.

This Question functionally asks the Court to decide whether the proposed project requires review and approval under Act 250. The Court clearly has jurisdiction over this Question. See 10 V.S.A. § 6007(c) (authorizing the district coordinator to issue jurisdictional opinions regarding the applicability of Act 250 jurisdiction); Comtuck, LLC East Tract Act 250 Jurisdictional Opinion Appeal, No. 54-5-17 Vtec, slip op. at 7–8 (Vt. Super. Ct. Envtl. Div. March 29, 2019) (Durkin, J.) (explaining that the Environmental Division has subject matter jurisdiction over appeals of jurisdictional opinions). Therefore, to the extent that Neighbors' motion seeks to challenge this Court's subject matter jurisdiction over Question 1, the motion is **DENIED**.

In reviewing Neighbors' motion under V.R.C.P. 12(b)(6), we understand that the motion seeks dismissal of Question 1, but in doing so, the motion argues additional legal issues concerning Act 250 jurisdiction which have been raised in both parties' Statements of Questions. Accordingly, dismissal of Question 1 would be premature.

By example, Neighbors' motion argues that the Act 250 farming exemption cannot apply because Act 250 jurisdiction attached to Appellant's land by way of a 2018 Jurisdictional Opinion (the 2018 JO). This argument essentially seeks judgment on Appellant's Questions 5 and 6, as well as several of Neighbors' Questions, which ask about the jurisdictional implications, if any, of the 2018 JO. It appears that the outcome of Question 1 will depend, in part, on the resolution of other Questions presently before the Court. Accordingly, it would be improper to dismiss Question 1, as doing so would require the Court to prematurely render judgment on many of the remaining Questions. Accordingly, Neighbors' motion to dismiss is **DENIED**.

## Conclusion

This Court has subject matter jurisdiction over Question 1. Further, it would be premature and improper to dismiss Appellant's Question 1 at this early stage of this matter. Accordingly, the motion to dismiss is **DENIED**.

Appellant has already filed a motion for summary judgment, and there is an active scheduling order which contemplates deadlines for responses to that motion, as well as deadlines by which Neighbors may file a cross-motion for summary judgment.

Electronically signed December 11, 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division