Vermont Superior Court
Filed 09/30/24
Windsor Unit

VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT 05091
802-457-2121
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02128

**Bank of New York Mellon Trust Company, N.A. v. Charlene Divoky et al**

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss; Motion to Amend Complaint ;  (Motion: 1; 3)
Filer:        Gregory W. Fox; Caryn L. Connolly
Filed Date:   July 08, 2024; September 03, 2024

The motion is GRANTED IN PART and DENIED IN PART.

*Amending the Complaint*

The Court will take up Plaintiff's motion to amend its complaint as a preliminary matter. Under V.R.C.P. 15(a), a motion to amend will be freely granted "when justice requires."  In this case, Plaintiff seeks to amend its filings to include additional information on the acceleration of the note, clarify that the $300,240 amount is only the principal amount allowed to be borrowed under the note, and to dismiss Count III of the original Complaint, which sought a deficiency judgment that is not allowed under the terms of a reverse mortgage. Given that these changes clarify and remove portions of the complaint that were non-complaint with Vermont and Federal law, and given that the present action is still in its initial stages, the Court will allow Plaintiff's amended complaint and will re-set the timelines for either an answer or dispositive motion under V.R.C.P. 12(b).

*Motion to Dismiss*

To determine whether a complaint survives a motion to dismiss, the court assumes the factual allegations in the complaint are true. *Colby v. Umbrella Inc.*, 2008 VT 20, ¶ 5.  The court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief.  Id. This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it." *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)).  Courts rarely grant motions to dismiss for

failure to state a claim. *Colby*, 2008 VT 20, at ¶ 5; see also *Kaplan v. Morgan Stanley & Co., Inc.*, 2009 VT 78, ¶ 7.

Courts generally disfavor these motions. *Bock v. Gold*, 2008 VT 81, ¶ 4 ("Motions to dismiss for failure to state a claim are disfavored and should be rarely granted."). For these reasons, a party seeking dismissal has a high burden to show that they are entitled to such an initial ruling. *Bock*, 2008 VT 81 at ¶ 4.

Taking Defendant's last argument first, the portion of Defendant's motion to dismiss Plaintiff's request for a deficiency judgment is **Granted.** As Plaintiff admits, it has no right to a deficiency judgment on a reverse mortgage, and the amended complaint removes this count, and this motion effectively dismisses it from the present case.

As to Defendant's second argument concerning acceleration, the amended complaint appears to take care of this issue by including in paragraph 16, the following allegation:

> 16.    Mortgagor is in default due to failure to timely pay property charge expenses. It was due for non-payment of insurance on November 30, 2023. The Due & Payable Notice was sent on or about January 26, 2024.

This allegation contains reference to a notice of acceleration, which Plaintiff now claims to have sent in January 2024. The Court finds this sufficient to meet Plaintiff's initial burden.

Finally, Defendant object to the fact that the amount borrowed is not included in the complaint. The Court agrees that this is ultimately a necessary fact that must be produced in the course of the litigation, but it is not fatal to the complaint. See V.R.C.P. 80.1(noting that complaint only need to include the debt or claim secured by the mortgage). Nevertheless, Defendant is entitled to discovery on this issue, and no motion for summary judgment or judgment on the pleadings can ripen until the history and amounts borrowed are established with some degree of certitude through affidavit or testimony. This is particularly important in a case such as the present one where the borrowing capacity of the original note and its "line of credit" may greatly exceed the amount actually borrowed. It is incumbent on Plaintiff, as the party with the burden of proving its claims

and entitlement to judgment, to disclose these amounts to Defendant and establish them to the Court to show a right to judgment.[1]

Based on the foregoing, Defendant's Motion to Dismiss is **Denied** at this time.

*Next Steps*

Defendant has 21 days from the date this Order to file an answer or a dispositive motion. The Court will take note that the lack of information about the amount initially borrowed will create a verified issue in this dispute until there can be a showing of what principal amounts were borrowed. After an answer is filed, whether under the present timeline or after further motion practice, the Court will set this matter for a preliminary discovery conference. The Court would also encourage the parties to consider mediation and loss mitigation options are available.

## ORDER

Based on the parties' filing, Plaintiff's Motion to Amend its Complaint is **Granted.** Defendant's Motion to Dismiss is **Denied**, except that Plaintiff's claim for a deficiency judgment is **Dismissed.** Defendant has 21 days to respond to the Complaint with an answer or further motion. Upon filing of an answer, the Court will set this matter for a discovery conference.

Electronically signed on 9/27/2024 4:01 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

---

[1] This is to be contrasted with other mortgage cases where the amount borrowed is not in dispute under the plain language of the note, but lender must, nevertheless, prepare an accounting to calculate the payments that have been made and the interest amortized. In this case, Plaintiff must make an additional showing of what amounts were even borrowed and when they were borrowed before it can put on evidence of interest due or fees that might attach.