Filed 04/02/25

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 24-ENV-00103

| 1124 Harwood Hill Zoning Permit Application |
| --- |

## ENTRY REGARDING MOTION

Motion: Motion to Dismiss

Filer: Merrill E. Bent, Attorney for Town of Bennington

Filed date: March 3, 2025

No response filed.

**The motion is GRANTED.**

This is an appeal of a Town of Bennington (Town) Development Review Board (DRB) decision dated October 16, 2024, denying Bradley Roy's (Applicant) zoning permit application for the property located at 1124 Harwood Hill Road, Bennington, Vermont (the Property). Specifically, Applicant seeks approval to sell agricultural equipment at the Property. The DRB denied the application as incomplete for failure to submit a site plan. Presently before the Court is the Town's motion to dismiss.

The Town does not state, specifically, on which provision of Rule 12 its motion to dismiss is premised. We interpret the Town's motion both as a motion to dismiss for lack of subject matter jurisdiction (lack of ripeness/standing) under V.R.C.P. 12(b)(1) and as a motion to dismiss for failure to state a claim under V.R.C.P. 12(b)(6). In reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), we take all uncontroverted factual allegations as true and construe them in the light most favorable to the nonmovant. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, we will not dismiss a claim unless it appears "beyond a doubt that there exist no facts or circumstances, consistent with the complaint, that would entitle the plaintiff to relief." Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575.

Regarding ripeness/standing, the Town observes that the DRB's denial of Applicant's application was not based on the merits of his application. Rather, Applicant refused to submit a site plan when requested by the DRB. On appeal, Applicant does not challenge the completeness of the application.

"Vermont courts are vested with subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests." Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8. Under the circumstances of this case, the Court agrees that Appellant's application is not ripe for our review where the application was denied as incomplete, and the issue of completeness is not raised on appeal. This Court, on review of a DRB decision, "is acting within its proper role when it decides questions that have been formulated in the local approval process and which divide the parties. It is

beyond its role as an appellate tribunal, even under a de novo review standard, to start addressing new issues never presented to the … [municipal panel] and on which interested persons have not spoken in the local process." In re Maple Tree Place, 156 Vt. 494, 500 (1991). Consequently, the appeal is not ripe and must be dismissed pursuant to V.R.C.P. 12(b)(1) for failure to meet standing requirements. See Turner v. Shumlin, 2017 VT 2, ¶¶ 9-10 (discussing the closely related doctrines of ripeness and standing, which share the requirement that a claimed injury be actual or imminent). Nothing precludes Applicant from submitting a complete application, with a site plan, to the Town. Any subsequent decision on the merits may then be appealed at that time.

In addition, the Town is entitled to dismissal pursuant to V.R.C.P. 12(b)(6). On its face, the Statement of Questions reflects a misunderstanding of the municipal permitting process. Applicant's sole Question asks why the Zoning Administrator or authorized Town official did not sign his request for a zoning compliance certificate. Applicant's Statement of Questions (filed Dec. 4, 2024). However, this is not an appeal of an action by the Town Zoning Administrator. Rather, this is an appeal from a DRB decision denying Applicant's application as incomplete for failure to submit a required site plan. Accordingly, the Statement of Questions fails to state a claim upon which relief may be granted. V.R.C.P. 12(b)(6).

We therefore **GRANT** the Town's motion to dismiss. This concludes the matter before the Court. A Judgment Order accompanies this Decision.

Electronically signed on April 2, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division